Kansas City, Memphis & Birmingham Railroad Co.
v. Sabie Riley.

| 68 | 765 |
| 73 | 819 |
| 68 | 765 |
| 75 | 380 |
| 68 | 765 |
| 277 | 725 |
| 68 | 765 |
| 83 | 569 |
| 68 | 765 |
| 90 | 805 |
| 68 | 765 |
| f93 | 471 |
| 93 | 473 |
| 93 | 474 |
| 93 | 475 |

1. Railroads.  *Ticket.  Mistake of conductor.  Damages.*
    Where one purchases a round-trip ticket, and the out-going conductor, by mistake, takes up the wrong end of it, the passenger is nevertheless entitled to transportation on the ticket left in his hands.  If the return conductor refuses to accept this, and, ignoring explanation, ejects him for want of a proper ticket, the railroad company is liable therefor in damages.

2. Same.  *Ticket not conclusive evidence.  Unreasonable regulation.*
    The holder of the ticket under such circumstances, giving a reasonable explanation of the mistake, is entitled to be carried according to the real contract; and any regulation of the carrier making the ticket the only evidence and authorizing the conductor to disregard such explanation, is unreasonable and will not justify expelling the passenger.

From the circuit court of Lee county.

Hon. Lock E. Houston, Judge.

Action for damages against the railroad company for ejecting appellee from a train.  On the trial of the case, at the instance of plaintiff, the court gave the following instructions:—

" 1.  If the jury believe from the evidence that the plaintiff procured a round-trip ticket from Myrtle to Blue Springs and return, and that on her way out to Blue Springs, the conductor, Dustin, took from said round-trip ticket the return part of said ticket and left plaintiff the out-going part, and plaintiff did not know this, and that plaintiff, in good faith, on her return journey offered conductor Hadaway the portion of the ticket not taken from her, and said last conductor requested her to leave the train or pay fare again at

any rate, then this was wrongful on the part of said conductor, and defendant is liable in damages therefor to plaintiff.

" 2. The court further charges the jury for the plaintiff, that the law implies some damage for the violation of every legal right, the amount to be determined by the jury according to the evidence.

" 3. If the jury believe from the evidence in the case that the conduct of the conductor Hadaway toward Mrs. Riley was characterized by rudeness and violence, or gross carelessness and wilful wrong, they may find for the defendant punitive damages as a punishment to the defendant for such conduct, and they are the judges of the proper amount according to the law and evidence in the case."

These instructions were objected to, and the court was asked to instruct the jury to find for defendant. This being refused, defendant asked an instruction to the effect that plaintiff could only recover the value of the ticket from Blue Springs to Myrtle, for loss of time, and such other actual damages as she sustained. This was refused as well as other instructions asked, announcing, in effect, the converse of the propositions stated in plaintiff's instructions. After verdict and judgment for plaintiff, defendant made a motion for a new trial, which was overruled. The opinion contains a further statement of the case.

*J. W. Buchanan* and *Wallace Pratt,* for appellant.

1. For the mistake of the conductor in taking up the wrong end of the ticket the railroad company was liable in an action for breach of the *contract,* in which the plaintiff could recover for the value of the ticket, loss of time and trouble occasioned by the mistake. The declaration in this case is for a tort, and we insist that no testimony in reference to the mistake of the first conductor could be made a ground of recovery.

As between the conductor and the passenger, the conclusive evidence of the passenger's right to travel on the road is the ticket. If by mistake the passenger is given the wrong ticket, it is the conductor's duty to collect fare or put him off the train, using no more force than is necessary. A conductor can only accept tickets for passage in the direction the train is going. In conducting his

train with due regard to speed and safety, he is not required to determine from statements of the passenger or other evidence, facts which are not shown by the ticket.  *Mosher* v. *Railroad Co.*, 127 U. S. 390; *Boylan* v. *Railroad Co.*, 132 Ib. 150.  See especially the decision of the supreme court of West Virginia in the case of *McCay* v. *Ohio River Railroad Co.*, 11 S. E. Reporter of August 19, 1890, p. 737, and the authorities there cited, including the following: *Frederick* v. *Railroad Co.*, 37 Mich. 342; *Hufford* v. *Railroad Co.*, 53. Ib. 118; *Townsend* v. *Railroad Co.*, 56 N. Y. 295; 68 Ill. 499; 34 Md. 532; 29 Ohio, 214; 26 Ky. 287; 42 N. J. Law, 499; 54 Wis. 234; *Bradshaw* v. *Railroad Co.*, 135 Mass. 407.  Plaintiff's own testimony shows that no more force was used than was necessary to remove her from the train.  We submit that the decision in *Forsee* v. *Railroad Co.*, 63 Miss. 66, is not applicable.  Regulations requiring passengers to purchase tickets are reasonable.  Railroads must carry all passengers on the same terms and conditions, and they have a right to adopt and enforce reasonable rules in the conduct of their business.  Having due regard to the rights of the public and the speed and safety of his train, a conductor cannot stop to make inquiries as to outside matters.  Necessity requires the enforcement of uniform regulations, and, these being reasonable, must be submitted to by passengers.  In this case, for the wrong done by the first conductor, plaintiff's damage had been fixed, and she had ample remedy therefor in a proper action.  The last conductor did no wrong, but simply complied with his duty.

2. There being no insult, or wilful misconduct on the part of the conductor, plaintiff was not entitled to exemplary damages, and it was error to submit this question to the jury.  *Railroad Co.* v. *Scurr*, 59 Miss. 456.

*Blair & Stribling*, for appellee.

1. The conductor had no right to require appellee to leave the train.  She had paid her fare, and her ticket was wrongfully taken by the agent of the defendant.  Though the conductor was instructed by the company to require passengers to present regular tickets or pay fare, it was also an instruction of the company that

conductors should take up the right end of tickets.   The fact that
plaintiff had no ticket was due to the wrongful act of the first
conductor ; therefore, the rule insisted upon was rendered inopera-
tive as to her.   A railroad company cannot escape the effect of the
wrongful act of one agent by showing that it was due to the negli-
gence of another.   The statute makes railroad companies liable for
all wrongful or negligent acts.   Code 1880, § 1054.   This is only
declaratory of the common law.   See also Cooley on Torts, 76, 83,
84, 140 ; *Railroad Co.* v. *Crudup,* 63 Miss. 291.

They cannot protect themselves by reason of private instructions
to their agents.   *Railroad Co.* v. *Gray,* 62 Miss. 383.

A passenger need not comply with an unreasonable regulation.
All that is required is the purchase of a ticket and presentation of
the same to the conductor.   On this point see *Forsee* v. *Railroad
Co.,* 63 Miss. 66.   That case decides that the absence of a ticket
is not conclusive in favor of the railroad company, and that if the
conductor refuses to give credence to the statement of a passenger,
he takes the risk of damages against the company in the event the
statement is true.   A conductor has no right arbitrarily to refuse
credence to the statement of a passenger.

In support of plaintiff's right to recover, we refer the court to
the following authorities : *Railway Co.* v. *Fixe,* 11 Am. & Eng.
R. R. Cas. 109 ; *Railroad Co.* v. *Brauss,* 18 Ib. 324 ; *Hufford* v.
*Railroad Co.,* 28 Ib. 129, and cases there cited.

The defendant is as much liable for the act of the last con-
ductor as if the first conductor had knowingly and wilfully com-
mitted the trespass.

2. The plaintiff was not confined to an action *ex contractu.*
For wrongs by common carriers the action may be in tort or con-
tract.   Cooley on Torts, p. 103 *et seq.* and notes; Wood's Railway
Law, §§ 1081, 1201 ; 48 Am. Rep. 134 ; 18 Am. & Eng. R. R.
Cas. 329.

3. All the facts in relation to plaintiff's rights were known by
the conductor.   In *Railway Co.* v. *West,* 66 Miss. 310, an in-
struction was approved which told the jury that if the defendant
knew of the inability of plaintiff to alight from the train, it was

bound to give her such reasonable time as the circumstances required. In this case it is immaterial whether the conductor knew the circumstances or not. If plaintiff was rightfully on the train, the company was liable for ejecting her.

Argued orally by *J. W. Buchanan*, for appellant, and *J. A. Blair*, for appellee.

Cooper, J., delivered the opinion of the court.

On or about the 3d of September, 1889, the plaintiff, with her husband, purchased from the agent of appellant at Myrtle two tickets for transportation over appellant's road to Blue Springs and return, both places being stations on appellant's road.

These tickets were handed to the conductor on the train running from Myrtle to Blue Springs, and by accident and mistake he returned to the passengers the wrong part of the tickets, giving to them that portion which called for transportation from Myrtle to Blue Springs, which he should have kept, and retaining that portion calling for passage from Blue Springs to Myrtle, which he should have returned to the passengers. The plaintiff went from Blue Springs to Sherman, another station on appellant's road, and, on the 6th of September, being desirous of returning to Myrtle, she purchased a ticket from Sherman to Blue Springs, and for the journey from that place to Myrtle tendered that portion of the round-trip ticket from Myrtle to Blue Springs that had been returned to her by the conductor on the 3d, but this ticket the conductor refused to accept, because it entitled the bearer to transportation from Myrtle to Blue Springs, and not from Blue Springs to Myrtle.

The plaintiff had not before noticed the mistake that had been made by the other conductor, but then explained to the conductor of the train upon which she was traveling how it had occurred, and insisted upon her right to be carried on the ticket. But this he declined and informed the plaintiff that she must either pay train fare, buy a ticket at Blue Springs when the train should reach that point, or leave the train there. The plaintiff and the conductor

testified to about the same facts as to what transpired until the train reached Blue Springs, at which point, as the conductor stated, the plaintiff and her husband left the train upon his refusal to carry them on the tickets they then had, while the plaintiff testified that the conductor spoke to her in an angry manner, and took her by the arm to put her off the train.

At all events, the plaintiff left the train at Blue Springs with her husband and there remained until the following day, and brings this suit for damages against the appellant. The jury awarded her damages in the sum of $300, and, from a judgment for that sum, the defendant appeals.

The decisions are in direct and palpable conflict upon the liability of a common carrier for failure to transport a passenger under the circumstances named. In New York, Michigan, Illinois, Maryland, Ohio, Wisconsin, Connecticut, New Jersey, Massachusetts, and North Carolina it seems to have been decided that the ticket presented by the passenger is the only evidence of his right to travel upon the train which can be recognized by the conductor, and that if by reason of the negligence of other servants of the carrier, a wrong ticket has been given to the passenger, or the right ticket has been given to him, but erroneously taken from him, the passenger's right of action is for the wrong thus committed, and that he may not insist upon his right to travel on the wrong ticket or without it, when it has been taken up, and recover damages for the refusal of the carrier to permit him to do so, and that the carrier may lawfully eject him from its train, using no more force than is necessary for that purpose.

The authorities in support of this rule are found in the brief of counsel for appellant. On the other hand, it is held in Georgia and Indiana, that the passenger is entitled to travel according to his real contract with the carrier, where the mistake in giving the proper ticket or in taking up a proper one held by the passenger is caused by the negligence of the servants of the carrier. *R. R. Co.* v. *Fixe,* 11 Am. & Eng. Ry. Cas. 108.

In a more recent case in Michigan than those cited by appellant's counsel, *Hubbard* v. *Railroad Co.,* 64 Mich. 634, the plaintiff had

applied and paid for a ticket from Manton to Traverse City. The agent gave him a ticket previously issued for a ride from Sturgis to Traverse City. There was evidence tending to show that the ticket had been cancelled by conductor's marks for a ride between Sturgis and Walton, and the trial court instructed the jury that " if they believed the ticket was punched, indicating to the conductor by the punch-mark that it had been used before between Grand Rapids and Walton, that would be evidence of an infirmity in the ticket, and the plaintiff would not be entitled to insist upon that ticket being received." This instruction was held to be erroneous, the court saying: " When the plaintiff told the conductor on the train that he had paid his fare, and stated the amount he had paid to the agent who gave him the ticket he presented, and told him it was good, it was the duty of the conductor to accept the statement of the plaintiff until he found out it was not true, no matter what the ticket contained in words, figures or other marks."

The most remarkable thing about this decision is, that it was made in the same case upon the same facts and between the same parties as that reported in 53 Mich. 118, in which, in an opinion delivered by Judge Cooley, it was held that, as between the conductor and the passenger, " the ticket must be conclusive evidence of the extent of the passenger's right to travel."

There is a class of cases somewhat analogous to the present one, in which, by a uniform course of decisions so far as we are informed, it is held that the conductor must accept the statements of the passenger. We refer to those cases in which different rates are charged for one who has procured a ticket and one who pays upon the train. It is held that, as a condition precedent to the exercise of this right to charge higher train-rates, and to expel one refusing to pay them, a reasonable opportunity must be given by the carrier to the passenger to procure the ticket required, and that one to whom no such opportunity has been afforded, and who for refusing to pay the higher rate is expelled from the train, may recover damages therefor. Hutchinson on Carriers, § 571, and authorities in note 2 ; *Forsee* v. *Railroad Co.*, 63 Miss. 66.

Without determining more upon this disputed question than is

necessary for the decision of the case before us, it is sufficient to say that where, as here, the ticket in the hands of the passenger supports and confirms the truth of his statement, and no possible injury can result to the carrier by the conductor's accepting and acting thereon, he must so act, or refuse, at the peril of inviting an action for damages against his principal if the statement be true.

We do not decide that a person holding a ticket from Myrtle to Blue Springs has a right to ride from Blue Springs to Myrtle, but no real injury could result to the carrier in recognizing such right, for the distance is the same, and in the usual course of business as many trains pass in one direction as the other. What we do decide is, that a passenger holding and attempting to use such ticket under the circumstances disclosed in this record, and explaining to the conductor how the mistake occurred by which the ticket read in the wrong direction, makes such a reasonable and probable showing as entitles him to be dealt with as a passenger, and therefore that any regulation of the carrier authorizing the conductor of its trains to disregard such statement is unreasonable, and need not be submitted to by the passenger.

We find no error in the record for which the judgment should be reversed, and it is,

*Affirmed.*