WILLIAM J. MUCKLE, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Regulations of a railroad company — their reasonableness a question of law — carrier of passengers — liability for misconduct or neglect of its servant — exemplary damages.*

Regulations are essential to the proper conduct and management of the business of any railroad corporation, and, upon a given state of facts, the question whether or not such regulations are reasonable is one of law to be determined by the court. The fact that unforeseen causes may sometimes intervene to produce inconvenience does not necessarily render such regulations unreasonable or unsuitable, but for such cases provision should be made so far as practicable.

There may be cases where the disposition of a controversy about the reasonableness of certain regulations is dependent upon the determination of controverted questions of fact, in which case such facts are for the jury to determine, but the view of the facts which will render the regulations reasonable is a question of law for the court.

It is a general rule that a carrier of passengers is answerable for all the consequences which may result to a passenger from the willful misconduct or negligence of the persons employed by it in the execution of the duty it has

assumed towards such passenger, and where a railroad company has, by its contract with a person, undertaken, for a consideration paid, to carry him to his place of destination, such person has the right of passage, and as between him and such company he is at liberty to refuse to repay his fare and to insist upon having his continuous passage.

If, in violation of the rights of a passenger, a railroad company, by its conductor, proceeds to forcibly eject him from the car in which he is rightfully seated as a passenger, notwithstanding the fact that the conductor personally may be justified by his instructions in doing so, by reason of the passenger, because of the mistake of another conductor, not having proper evidence of his right to ride on the car, yet the railroad company is no more justified in the attempted act of ejection than it would be if such passenger had at the time held and presented the evidence of his right to remain as a passenger in the car without further payment.

A person will not be permitted to recover exemplary damages against a master for the act or negligence of his servant, unless the master has authorized or ratified his servant's misconduct, or unless the conduct complained of is that of the servant while he is in the service, after his unfitness for it is shown to the master, and the like rule is applicable, in an action against the master for the act of his servant, when the latter would not be chargeable with punitory damages if he were the party defendant.

APPEAL by the defendant, Rochester Railway Company, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 14th day of November, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles J. Bissell*, for the appellant.

*Charles Van Voorhis*, for the respondent.

BRADLEY, J. :

The action is brought to recover damages for an alleged assault upon the plaintiff while a passenger in one of the defendant's cars.

In the afternoon of March 17, 1892, the plaintiff took passage upon an Exchange street car going to what is known as the Four Corners, where he desired to take a West avenue car, paid his fare, asked for and received a transfer for that car. The plaintiff at the Corners boarded a West avenue car, and when he presented the transfer ticket to the conductor the latter refused to receive it for

the reason that it was past the time within which it was available, and asked the plaintiff to pay his fare, and on his refusal to do so or leave the car the conductor took hold of the plaintiff to remove him from it, but before it was accomplished he paid his fare and was permitted to continue in his seat. The payment by the plaintiff of a single fare of five cents entitled him to one continuous passage from any one to any other point of the railroad operated by the defendant. (Laws 1890, chap. 565, § 101.) The right of the plaintiff on the payment made by him of his fare was to take the West avenue car to the place of his destination. To accomplish the purpose of indicating such right of passage, to be observed by the several conductors of the cars upon which continuous passage should be desired by the passengers, the company adopted regulations to the effect that a transfer ticket should be given to them by the conductor of the car upon which the passage was taken, and that the transfer ticket should be so punched as to indicate that the passenger has ten minutes time at the place of connection within which to take the other car for which the transfer is given, and to be further punched to indicate the connecting line on which the passenger desires to proceed. Such a ticket had been provided and was in use at the time in question. The conductor gave the plaintiff a transfer ticket which purported to be good until five-forty P. M. It was more than an hour after that time when he boarded the West avenue car, and because the time for its use appeared by the ticket to have expired the conductor of the latter car refused to permit him to ride without payment of his fare. There is some conflict in the evidence as to the time at which the plaintiff got on the Exchange street car, but the jury were permitted to find that it was then six-forty P. M. And as the passage of the car to the Four Corners occupied only two minutes, it must be assumed that the difficulty arose from the mistake of the conductor in attempting to indicate by his punch mark the time within which the plaintiff could continue his passage on the West avenue car. The conductor thus made it appear upon such transfer slip that the plaintiff was not entitled to do it, and in the observance of his instructions it was the duty of the conductor to whom it was offered to refuse to accept it and to require the plaintiff to pay his fare. The question is whether or not the plaintiff is entitled to the relief which he seeks by this

action.   While it is conceded that he may have his remedy for breach of the contract, it is urged on the part of the defendant that he has no right of action for the cause alleged, because the defendant had provided suitable regulations for the management of the business of conveying passengers and the transfer of them from one to another line of its road so as to give to them the continuous passage on payment of a single fare as provided by the statute.

In view of the fact, as the evidence tends to prove, that cars on all the lines of the road operated by the defendant in the city of Rochester pass each way any given point within every five to eight minutes, the system provided for transfer slips, and their use will work effectually to accomplish the purpose, provided no mistakes or accidents occur to defeat its operation.   And the fact that unforeseen causes may sometimes intervene to produce inconvenience does not necessarily render the regulations unreasonable or unsuitable for the purposes in view.   However perfect they may be in any case there is a possibility of interruption of their due execution by inadvertence or other incidental cause.   For such causes provisions should, so far as practicable, be made if they do not exist.

There is a reason for limiting the time within which a transfer ticket may be effectually used for the purpose of a continuous passage in the fact that otherwise the opportunity might be taken to use, or permit it to be used, for other than the contemplated continuous passage to the prejudice of the company.   Regulations are essential to the proper conduct and management of the business of any railroad corporation.   And upon a given state of facts the question whether or not they are reasonable is one of law to be determined by the court.   (*Hibbard* v. *N. Y. & E. R. R. Co.*, 15 N. Y. 455; *Vedder* v. *Fellows*, 20 id. 126; *Northern R. R. Co.* v. *Page*, 22 Barb. 130; *Illinois Central R. R. Co.* v. *Whittemore*, 43 Ill. 420; 92 Am. Dec. 138; *South Florida R. R. Co.* v. *Rhodes*, 25 Fla. 40; 23 Am. St. Rep. 506; *Pittsburgh, C. & St. L. Ry. Co.* v. *Lyon*, 123 Penn. St. 140; 10 Am. St. Rep. 517.)

In some of the States it is held to be a question of fact, or a mixed question of law and fact, to be submitted to the jury with proper instructions.   It is so held in *State* v. *Overton* (4 Zab. 435; 61 Am. Dec. 671); *Day* v. *Owen* (5 Mich. 520; 72 Am. Dec. 62); *Bass* v. *Chicago & N. W. Ry. Co.* (36 Wis. 450; 17 Am. Rep. 495).

There may be cases where the disposition of the controversy about the reasonableness of certain regulations is dependent upon the determination of controverted questions of fact. It may be seen that then such facts are for the jury. But then the view of the facts which will render the regulations reasonable is a question of law for the court.

It appears that the system adopted by the defendant for the practical operation of its road is such as to give the requisite frequency to the running of its cars on all parts of its lines for the supply to its patrons of continuous passage for single fares by the observance and execution of the regulations in question. And, in view of the facts as they appear by the record, the conclusion is required that such regulations of the defendant are reasonable. The failure of the plaintiff to obtain the continuous passage to which he was entitled, on the payment of his fare, did not arise from any defect in those regulations, but solely from the mistake of the conductor in the execution of them. The question is, therefore, presented whether the defendant is liable in tort for the act of the conductor of the West avenue car, who was justified, by such regulations, in refusing to permit the plaintiff to ride in the car without payment of his fare. The question has seemingly been one where diverse views have been held by judicial writers.

In *Townsend* v. *N. Y. C. & H. R. R. R. Co.* (56 N. Y. 295) the plaintiff, having a ticket for passage from Sing Sing to Rhinebeck, took a train which went no further than Poughkeepsie. Before the train reached there the ticket was taken up by the conductor, and no evidence of his right to proceed further on the defendant's road was given to him. He took passage on the next train to complete his trip to Rhinebeck, and, on his refusal to pay fare, for the reasons before mentioned, and which he stated to the conductor, the latter forcibly ejected him from the train.

The views of Judge GROVER expressed in his opinion were to the effect that the defendant was not liable in tort for the consequences of the wrongful act of the first conductor in taking up the plaintiff's ticket. The court did not, however, necessarily determine that question, as there was another ground for the reversal of the court below.

The plaintiff recovered on the retrial, and the recovery was sus-

tained by the General Term. (6 T. & C. 495.) And Mr. Justice LEARNED cites in support of his conclusion *Hamilton* v. *Third Ave. R. R. Co.* (53 N. Y. 25) in which the opinion was also delivered by Judge GROVER, who in the later case refers to the *Hamilton* case for the purpose of distinguishing the questions presented in the two cases. Our attention is called to no other case in this State necessarily bearing upon the question. There are elsewhere, however, cases having some relation to it. Amongst those in which the actions founded upon principle similar to that of the plaintiff's proposition in the present action have been sustained are the following cases : *Palmer* v. *R. R. Co.* (3 S. C. 580 ; 16 Am. Rep. 750); *Burnham* v. *G. T. Ry. Co.* (63 Me. 298 ; 18 Am. Rep. 220); *L. E. & W. Ry. Co.* v. *Fix* (88 Ind. 381 ; 45 Am. Rep. 464); *Murdock* v. *B. & A. R. R. Co.* (137 Mass. 293 ; 50 Am. Rep. 307); *Head* v. *Georgia P. Ry. Co.* (79 Ga. 358 ; 11 Am. St. Rep. 434); *Kansas City, M. & B. R. R. Co.* v. *Riley* (68 Miss. 765 ; 24 Am. St. Rep. 309).

And of those tending to hold to the contrary are *Yorton* v. *Milwaukee, Lake Shore & W. Ry. Co.* (54 Wis. 234 ; 41 Am. Rep. 23) ; *Frederick* v. *M., H. & O. R. R. Co.* (37 Mich. 342 ; 26 Am. Rep. 531) ; *Bradshaw* v. *S. B. R. R. Co.* (135 Mass. 407 ; 46 Am. Rep. 481).

The latter case and that of *Murdock* v. *B. & A. R. R. Co.* (*supra*) may be distinguished by the fact that the familiarity of the plaintiff in the *Bradshaw* case with the practice of the company and the checks used by it was such that by inspection he would have observed that he had not received the one suitable to his purpose, while in the other case the plaintiff was assured by the ticket seller that the ticket entitled him to passage to his place of destination.

In the present case the plaintiff was advised by the transfer ticket that it permitted him to take a West avenue car, and that he must do so within ten minutes, but he did not understand what was the meaning of the punch mark which was intended to advise the conductor of that car of the time the transfer slip was issued. It must be assumed on the evidence that the plaintiff took the first West avenue car that left the Corners after he reached there, and that he so informed the conductor.

The plaintiff was given by the statute the right to a continuous passage to his place of destination on payment of the single fare, and it cannot be said that it was by any fault or neglect on his part that the right was denied to him. It is a general rule that a carrier of passengers is answerable for all the consequences to a passenger of the willful conduct or negligence of the persons employed by it in the execution of the duty it has assumed towards him.

The defendant had by its contract with the plaintiff undertaken for a consideration paid to carry him to his place of destination, and pursuant to it he had the right of passage, and as between him and the defendant he was at liberty to refuse to repay his fare and to insist upon having his continuous passage. In violation of that right the defendant by its conductor proceeded to forcibly eject him from the car in which he was rightfully seated as a passenger. Although the conductor personally may have been justified by his instructions to do so the defendant was put in the wrong by the act of the other conductor, and was no more justified in the attempted act of ejection than it would have been if the plaintiff had at the time had and presented the evidence of his right to remain as a passenger in the car without further payment.

It follows, if these views are correct, that the defendant is liable to the plaintiff for the consequences of such violence upon his person as was used by the conductor for the purpose of ejecting him from the car.

The court erred in the refusal to charge as requested that the jury could give the plaintiff compensatory damages only, and that in no view of the evidence could they award to him punitive damages. This is also a question about which the judicial writers of several of the States disagree.

The rule adopted by the courts of this State is such as not to permit the recovery of exemplary damages against the master for the act or negligence of his servant unless he has authorized his misconduct, or ratified it, or unless the conduct complained of is that of the servant while he is in the service, after his unfitness for it is known to the master. (*Cleghorn* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 44; *Hendricks* v. *Sixth Ave. R. R. Co.*, 12 J. & S. 8; *Murphy* v. *Central P., etc., R. R. Co.*, 16 id. 96; *Fisher* v. *M. E. R. Co.*, 34 Hun, 433; *Donivan* v. *M. Ry. Co.*, 49 N. Y. St. Repr. 722.)

And the like rule is applicable in an action against the master for the act of the servant, where the latter would not be chargeable with punitory damages if he were the party defendant. (*Hamilton* v. *Third Ave. R. R. Co.*, 53 N. Y. 25; *Townsend* v. *N. Y. C. & H. R. R. R. Co.*, 56 id. 295.)

It cannot well be claimed that the conductor, who sought to eject the plaintiff from the car, would be chargeable with punitive damages. He did what appeared to him to be his duty, and, therefore, it may be assumed that he acted in good faith in the matter, and not wantonly.

The two cases last above cited are quite applicable to this question in the present case.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order of the Monroe County Court appealed from reversed, and new trial granted, with costs to abide the event.