Judgment and order reversed, with costs, and fund directed to be paid to the appellant.

---

DE WITT C. BOUKER, JR., Appellant, *v.* THE LONG ISLAND RAILROAD COMPANY, Respondent.

*Railroads — their franchises are sovereign — they can be compelled to use their property in the interest of the community — they can prescribe the time for the reception of freight — they are not liable for delay in transportation under extraordinary conditions — what is a reasonable time.*

While railroad companies are, in a certain sense, to be regarded as trading corporations, they are, at the same time, clothed with useful public functions; their franchises are sovereign and their uses are public. They can be compelled to use their property in the interests of the entire community, and it is their duty to furnish accommodations for the transportation of persons and property.

Railroad corporations have the right to prescribe the times for the reception of freight for transportation. Due care and diligence is all that can be required of railroad companies in an emergency, and if they are careful to make provision for the traffic upon their roads in ordinary times and under ordinary circumstances, no more can be required of them, and they are excused for delays in transportation when large and unusual quantities of freight are offered for shipment, and they have utilized all their facilities for the purpose of transporting the property offered to them for that purpose.

The law contemplates that it may not always be in the power of a railroad company to dispatch its passengers or freight immediately upon their arrival at a station or junction, and it, therefore, allows the company a reasonable time after their arrival and the offer of property for transportation, to set it in motion from such starting point or junction.

What is a reasonable time must depend upon the actual circumstances existing at the time the property is offered for transportation.

APPEAL by the plaintiff, De Witt C. Bouker, Jr., from that part of a judgment of the Supreme Court in favor of the defendant,

entered in the office of the clerk of the county of Queens on the 14th day of November, 1894, which dismissed the plaintiff's complaint as to the first cause of action therein contained, and also from an order made at the Queens County Circuit, bearing date the 10th day of October, 1894, and entered in the office of the clerk of the county of Queens, in which it was ordered and adjudged that the plaintiff's complaint be dismissed, and the plaintiff nonsuited as to the first cause of action specified in the complaint, and also from that part of said order which denied the plaintiff's motion for a new trial.

*George Wallace,* for the appellant.

*William J. Kelly,* for the respondent.

Dykman, J.:

The complaint of the plaintiff in this suit contains two causes of action. The first cause of action is against the defendant as a common carrier, for having wrongfully neglected and refused to transport certain stone delivered to it by the plaintiff, the allegation being that by reason of this wrongful act on the part of the defendant he was prevented from completing in proper time a contract which he had in hand for macadamizing certain highways in Queens county.

For the second cause of action the allegation in the complaint was that at different times, between December seventh and December fourteenth, the plaintiff shipped over the defendant's railroad twenty carloads of stone, to be delivered at Arverne, a station on the line of defendant's railroad; that the stone were not delivered to the plaintiff, although he had paid the freight charges on the fifteen carloads first forwarded, and tendered payment on the last five carloads forwarded, and demanded that the stone be delivered at Arverne as directed, and that the defendant had neglected to deliver it.

Upon the trial at the Circuit before a jury, at the close of the testimony on the part of the plaintiff, the counsel for the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action against the defendant, as the evidence failed to show any undertaking on the part of the defendant to transport any given number of stones per day, and that the plaintiff failed to show any discrimination against him by the defendant

or any of its departments, or the violation of the duties of the defendant as a common carrier, in shipping and transporting the stone from Long Island City to the vicinity of the plaintiff's contract. That motion was made with reference to the first cause of action. The motion was denied, and the defendant excepted.

After the introduction of some testimony on the part of the defendant, and at the close of the case, the counsel for the defendant renewed the motion made at the close of the plaintiff's case to dismiss the complaint upon the same grounds as there stated in regard to the first cause of action, and on the ground that it then appeared affirmatively that the defendant had exercised due diligence in the transportation of freight, and the court granted the motion as to the first cause of action, but permitted the claim under the second cause of action to be submitted to the jury for determination.

The plaintiff excepted to the ruling of the court granting the dismissal of the complaint as to the first cause of action. The court then charged the jury in reference to the second cause of action, and a verdict was rendered in favor of the plaintiff for $510.08. The plaintiff thereupon moved for a new trial in regard to the issues contained in the first cause of action, and the defendant moved for a new trial on the ground of the issues contained in the second cause of action. The motion made by the plaintiff for a new trial was denied, and the motion made by the defendant for a new trial was denied also. The plaintiff appealed to the General Term from that part of the judgment entered in this action dismissing the plaintiff's complaint as to the first cause of action, and the defendant has not appealed. The only question, therefore, for consideration upon this appeal has reference to the dismissal of the complaint as to the first cause of action which it contained. While railroad companies are in a certain sense to be regarded as trading corporations, they are at the same time clothed with useful public functions. Their franchises are sovereign and their uses are public. They are compellable to use their property in the interests of the entire community, and it is their duty to furnish accommodations for the transportation of persons and property. The acceptance of a charter by a corporation constitutes an implied contract on its part for the performance of certain public functions. Actions for damages may be maintained for a breach of such implied contract. In fact, a rail-

road may be viewed as a public highway under the control of a corporate body which has assumed obligations to carry persons and property in consideration of exclusive rights to control the public thoroughfare. Such are some of the well-established rules in relation to common carriers and property, but like all legal rules they are to be construed and applied reasonably, and in the light of all the surrounding circumstances. If a large number of passengers demanded carriage at a given point where a railroad had not sufficient cars to comply with their request, no negligence could be assigned and no action for damages maintained. If a large quantity of property was presented to a carrier for transportation when it had not sufficient cars to carry it at that time and place, no negligence could be assigned for a failure to do so. (Angell on Carriers, § 125.)

In this case there was no special agreement for the transportation of stone. The liability of the defendant must be measured by the duty imposed upon it by law. The delay was in unloading the stone from the scows, and the evidence makes it entirely clear that there was no negligence or undue delay.

The defendant had ten derricks at the dock, and sometimes six were employed upon the stone. There was an unusual collection of property for transportation in consequence of the unprecedented amount of macadamizing done in and around Hempstead in 1892 and 1893.

Sometimes thirty scows were at the dock at a time, ten or fifteen of which would be loaded with stone. After the stone was loaded there was no unnecessary delay. In fact, it appears from the testimony of the plaintiff that the stone was sent forward faster than he unloaded them from the cars. Railroad corporations have the right to prescribe the times for the reception of freight for transportation. Due care and diligence is all that can be required of them in an emergency. If they are careful to make provision for the traffic upon their roads in ordinary times and under ordinary circumstances, no more can be required of them, and they should be excused for delay. The law contemplates "that it may not always be in the power of a railroad company to dispatch either passengers or freight immediately upon their arrival at a station or junction, and it, therefore, allows the company a reasonable time after their arrival and the

offer of property for transportation, to set it in motion from such starting point or junction. What is a reasonable period must depend upon the actual circumstances existing at the time the property is offered for transportation." ( *Wibert* v. *N. Y, & E. R. R. Co.*, 12 N. Y. 250.)

It does not appear from the testimony in this action that there was any failure on the part of the defendant to furnish ample rolling stock for transportation of passengers and freight under all ordinary circumstances and conditions, and it does appear affirmatively that extraordinary conditions prevailed during the time in respect to which this complaint is made against the defendant. Large and unusual quantities of freight were offered for shipment, and the defendant utilized all its facilities for the purpose of transporting the property offered to it for that purpose, including the stone offered by the plaintiff. There was no substantial dispute about the facts, and so the question whether the defendant was guilty of unnecessary delay was for the court. (*Muckle* v. *Rochester Ry. Co.*, 79 Hun, 32.) It was decided in the *Wibert* case that where a railroad was fully equipped with engines and freight carriages, but more property was offered at a particular point than could be sent forward at once, the delay was justifiable, provided no unfair preference was given to other freight over that of the plaintiff.

In our view the proper disposition was made of the question, and the facts fail to show any negligence or want of care on the part of the defendant, and the complaint was properly dismissed in respect to the first cause of action which it contained, and the judgment and the order denying the motion for a new trial should, in all respects, be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.