ALABAMA & VICKSBURG RAILWAY CO. *v.* WM. DRUMMOND.

1. RAILROADS. *Liability to passengers. Mistake in ticket. Duty of passenger.*

A railway passenger had inquired of the company's ticket agent the price of a first-class ticket, and, on being informed, asked for such ticket, paid the price demanded, and entered the first-class car. The price stated was in fact that of a second-class ticket. On presenting it to the conductor, he was required to go into a second-class car, but, though protesting, he did not explain the circumstances connected with the purchase. A rule of the company required conductors to permit a passenger who had failed to get the ticket desired, on complaint made of the true condition, to ride in the car he would have been entitled to but for the mistake, on payment of the difference in price. *Held,* that the passenger could complain only of the action of the ticket agent, and was entitled only to nominal damages by reason thereof.

2. SAME. *Examination of ticket.*

In a case otherwise entitling him to a recovery for ejection from a first-class car, a passenger should not be denied the same because he omitted to examine his ticket before entering the train, to ascertain whether it was a first-class or a second-class ticket.

FROM the circuit court of Rankin county.

HON. A. G. MAYERS, Judge.

Appellee purchased through tickets for himself and wife from Jackson, Miss., to Corsicana, Texas, from the agent of the Alabama & Vicksburg Railway Co., at Jackson, and, boarding the company's train, entered the first-class coach. When the conductor came to get their fare, he discovered that they had second-class tickets and he then compelled them to go into the second-class coach. Appellee sued the railway company for damages for compelling himself and wife to take second-class passage. The declaration alleged that appellee applied for first-class tickets and offered to pay for the same, and the agent gave him the tickets in a sealed envelope and he paid the agent

the amount demanded for first-class tickets; that defendant, through its conductor, claimed that the tickets so purchased were second-class tickets, and he unlawfully, wilfully, and offensively and forcibly ejected plaintiff and his wife from said first-class coach and compelled them to ride in the second-class coach. Defendant pleaded the general issue, and gave notice that evidence would be introduced to show that plaintiff actually purchased and paid for second-class tickets, and that he never made or offered to make a contract for first-class passage.

On the trial plaintiff testified that he called for first-class tickets and asked the agent the price and paid what was demanded. On cross-examination plaintiff said he paid $13.20 for the tickets; that he called for first-class tickets, asked the price, and paid it. The defendant's ticket agent at Jackson testified for defendant that he sold plaintiff second-class tickets from Jackson to Corsicana; that it was the custom to ask passengers whether they wanted first or second class tickets; that first-class tickets to Corsicana were worth $14.20 and second-class were worth $13.20, and that the tickets were put into an envelope, but not sealed. The conductor testified that if passengers complain of having to ride in second-class coaches, they are allowed to ride in the first-class coaches by paying the difference in the price. In rebuttal plaintiff showed that, when it was discovered that he had second-class tickets, the conductor did not explain that they could go into the first-class coach on paying the difference in the price of the tickets. For the plaintiff the jury were instructed that if they believed that plaintiff applied for first-class tickets and the agent told him the price was $13.20, and plaintiff paid the amount asked by the agent for first-class tickets, and the conductor ejected him and his wife from the first-class coach, they should find for plaintiff. The instructions given for the defendaant were as follows:

"1. It was the duty of the plaintiff, if he desired first-class tickets to Texas, to inspect the ticket delivered to him, to ascer-

tain in fact whether they were first-class or second-class, and if the jury believe from the evidence that plaintiff failed to do this before getting on the train, he cannot recover in this action, and can only sue the defendant for a failure to make the contract he desired to make.

"2. If the jury believe that plaintiff really asked for first-class tickets, but the ticket agent by mistake sold him second-class tickets, and he paid for such tickets, he could only ride on second-class coach upon the tickets received and paid for, and could not demand a seat in the first-class coach after the mistake was discovered, unless he tendered to the conductor the difference in the price of the two tickets; and before he could recover for a breach of contract, it devolved upon him to show that, upon discovering the mistake, he offered to pay the difference, and that the conductor refused to take it, and forced him to go in the second-class coach against his protest.

"3. If you believe that plaintiff applied for first-class tickets, and got and paid for second-class tickets, and could have gotten in the first-class coach by paying the difference in price, and failed to do so, the measure of damage is the difference between the prices of the two tickets."

Plaintiff recovered a verdict and judgment for $150. Defendant's motion for a new trial was overruled, and it appealed.

*Nugent & Mc Willie*, for the appellant.

If plaintiff bought a second-class ticket, he cannot complain that he had to conform to its exactions. As between the passenger and the conductor, the ticket is conclusive evidence of the right of the passenger to travel, and necessarily so, because a wrong decision in favor of the passenger would leave the carrier without remedy for the fare. *Peabody* v. *Railroad Co.*, 26 Pac. (Or.), 1053; *Frederick* v. *Railroad Co.*, 37 Mich., 342; *Railroad Co.* v. *Griffin*, 68 Ill., 499; *Pa. Railroad Co.* v. *Connell*, 112 Pa. St., 295; *McKay* v. *Railroad Co.* (11 S. E.), 34 W. Va., 65.

Appellee really paid for second-class tickets, which were delivered to him in an unsealed envelope. If it be conceded that the agent told appellee that the price of first-class tickets was $13.20 each, and that appellee did not misunderstand what the agent told him, the concession does not affect the result. The agent himself made a mistake. The case would stand thus: Under the mistaken representation of appellant's agent, appellee purchased second-class tickets, thinking them to be first-class tickets, and was thereby induced to make a contract different from that intended. But this would give him no right of action against appellant, in view of the fact that the mistake could easily have been corrected on the train. The conductor testifies that he heard no complaint of the kind now suggested by appellee, and that, had such complaint been made, the appellee would have been allowed to remain in the first-class coach by paying tho difference in the price of the two tickets. This is the rule and regulation of the company. Nor does it make any difference in such case that the conductor fails to demand the additional fare. The passenger should tender it and demand to retain his seat when he learns the kind of ticket he holds. In view of these facts, the first charge for plaintiff was erroneous. It rests the case upon the proposition that, if the agent told plaintiff the price of first-class tickets was $13.20, and this amount was paid, the plaintiff was entitled to recover, whether this was the price or not. It leaves out the most important point of the case, and ignores the question of mistake. The passenger got what he paid for, and he can only rest his case upon the mistake of the agent in not telling him he would have to pay $14.20 for first-class tickets. This mistake could have been corrected on the train. On the evidence, the verdict should have been for the defendant, for on the point as to price of first-class tickets there is no dispute, and it cannot be contended that the agent could make a rate to the passenger lower than that provided by the company.

In *Frederick* v. *Railroad Co.*, 26 Am. Rep., 531, the rea-

soning in favor of the conductor's action in this case is full, and establishes our contention that, as between conductor and passenger, the ticket is conclusive evidence.   See, also, Lawson on Bailments, § 244, and note.   In *Railroad Co.* v. *Riley*, 68 Miss., 765, there was a mistake made by the first conductor in detaching the wrong coupon, and relief was allowed; but the actual contract for passage was made and contended for by the plaintiff, and the mistake occasioning the wrong was that of the conductor.   The only logical rule is announced in the cases we have cited.   That there was a mistake is manifest; that the price of first and second-class tickets was asked and stated must be conceded; that the price of second-class tickets was actually paid is true; and that the mistake would have been corrected, if made known to the conductor, is proved beyond controversy.   In this view, the plaintiff could only recover nominal damages, for he practically recognized and acted on the contract after he was fully cognizant of its character. *Richmond* v. *Railroad Co.*, 33 Iowa, 422.   The case of *Railroad Co.* v. *Bennett*, 50 Fed. Rep., 469, in some of its aspects, resembles the case at bar, and the court's attention is invited to it.

*J. R. Enochs*, for appellee.

The jury believed, from the evidence submitted to them, that the real contract with the agent was for first-class tickets, and the court below instructed them that if they believed that, the defendant was liable.   A passenger has the right to rely on the agent to give him the proper ticket, and is not bound to examine it before taking the train.   *Georgia Railroad & Banking Co.* v. *Daugherty* (12 S. E., 747), 86 Georgia, 744.   Also, see *Railroad Co.* v. *Riley*, 68 Miss., 765, and authorities cited in support of the proposition that a passenger is entitled to travel according to his real contract with the carrier.

Argued orally by *W. L. Nugent*, for the appellant.

WOODS, J., delivered the opinion of the court.

According to the evidence offered by the appellee, which we must assume to be true in view of the finding of the jury, the intending passenger inquired of the appellant's ticket agent the price of a first-class ticket from Jackson, Miss., to Corsicana, Texas, and, upon receiving from the agent the information sought, applied for such ticket and paid the price demanded. But, a short while after the journey had been begun, in a first-class coach, upon the conductor's calling for and examining the ticket, it was discovered that it was a second-class ticket. Thereupon, over his protest, the appellee was required to leave the first-class coach and continue his journey to Shreveport, La., the terminus of appellant's own line, in the second-class coach. It nowhere appears, in all the evidence, that appellee made any explanation to the conductor of the circumstances connected with the purchase of the ticket, and of the manner in which he received from the ticket agent the ticket he had not applied for. He only says he protested against his being required to occupy a seat in the second-class coach.

From the evidence of the appellants, it is undisputedly shown that the price of a first-class ticket from Jackson to Corsicana was $14.20, and that of a second-class ticket was $13.20, and this latter sum is shown, by all the evidence on both sides, to have been that actually paid by appellee for his ticket on the occasion in question. It is also shown, by the evidence of appellant's witnesses, that the rules of the appellant company require conductors to permit a passenger, who has failed to get a ticket paid for, or has failed to actually get the ticket really desired, upon complaint made of the true condition, to ride in the coach to which he would have been entitled to ride, if no mistake had been made, upon payment of the difference in price of tickets, and, moreover, if any such complaint had been made by appellee, he would have been permitted to continue his journey in the first-class coach upon paying the difference in price of first and second class tickets.

While a passenger's ticket is not in all cases conclusive evidence of his contract with the carrier, yet it is sufficient evidence of the contract to justify a conductor—an agent of a railway company other than that one with whom the contract was made —in acting upon it, as showing the actual contract, in the absence of any reasonable statements made to him by the passenger that, through fraud, mistake, or inadvertence, it does not show the real contract. In the case before us, the ticket held by appellee was *prima facie* evidence of his contract of carriage in a second-class coach, and, in the absence of any statement made by him explaining the circumstances of his possession of a second-class ticket, the conductor properly regarded and treated him as only entitled to second-class accommodation. Hence, no right of action accrued to appellee by reason of the conduct of the conductor in requiring the passenger to abide by the only contract known to the conductor. The rule of the railway company on this subject is reasonable and just, and conforms perfectly to the views announced by us in *Kansas City, Memphis & Birmingham Railroad* v. *Riley*, 68 Miss., 765. On the case as made by appellee himself, his only right of action grew out of the conduct of the ticket agent in selling and delivering him the ticket, and what occurred after that on the train should not have entered into the consideration and determination of the case. Under the circumstances disclosed in all the evidence, the action of the conductor was not improper. For the mistake of the ticket agent (and that it was a mistake no impartial mind can doubt), and the breach of the contract involved in that mistake alone, the appellee was entitled to no more than nominal damages. If he had spoken and made the necessary, yet simple and reasonable, explanation, when the conductor called his attention to the fact that his ticket was a second-class one, his only damage would have been the loss of the one dollar, which he would have then paid as the difference in price between the two classes of tickets.

The instructions given by the court below for appellee were

not in harmony with these views.    They were, in effect, a peremptory charge for the plaintiff.

It is proper to add that the first instruction given for the railroad was erroneous.    In a case otherwise entitling to a recovery, the passenger should not be denied the proper recovery because he omitted to examine the ticket before entering the train, to ascertain whether it was a first or a second class ticket. It would be prudent to do so, but not to do so could not vitiate a contract which had been made.

The second and third instructions for the railroad company are defective, in that both fail to direct the mind of the jury to the important rule hereinbefore announced, viz.: that after the passenger had boarded the train and discovered the mistake as to his ticket, it became his duty to make to the conductor the simple and reasonable explanation as to that mistake, which was easily within his power, whereby, and by payment of the difference in price of tickets, or offer to do so, he would have been entitled to continue his journey in the first-class coach.

That the case may again be tried, and upon the lines indicated, it will be

*Reversed and remanded.*