John Kastner, an Infant, by Frederick Kastner, his Guardian ad Litem, Respondent, v. The Long Island Railroad Company, Appellant.

Joseph Kastner, an Infant, by Frederick Kastner, his Guardian ad Litem, Respondent, v. The Long Island Railroad Company, Appellant.

*False imprisonment — what act in disregard of a particular direction of the master is nevertheless within the scope of an agent's authority — punitive damages.*

Where a special officer in the employ of a railroad company testifies, without contradiction, "My duties there were to watch these people stealing coal, and if I caught any of them to lock them up. I had such instructions from the company," it cannot be held, as matter of law, that, in causing the arrest of a person, at a point several blocks distant from the premises of the railroad company, upon a charge of stealing coal from the railroad company, he acted outside the scope of his authority.

Assuming that his instructions limited his authority to the premises of the railroad company, the railroad company is responsible for the arrest under the doctrine that a master may be held responsible for the acts of his servant within the general scope of his employment while engaged in the master's business, even though the servant may have disregarded some particular direction of the master in respect to the manner in which he shall discharge his duties.

In an action for false imprisonment and malicious prosecution, brought against the railroad company by the person arrested by the special officer, punitive damages cannot be awarded against the railroad company, in the absence of proof that it authorized or ratified the arrest or had knowledge that the special officer was unfit for his duties.

Appeal by the defendant, The Long Island Railroad Company, from a judgment in each of the above-entitled actions in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 24th day of January, 1902, upon the verdict of a jury in each of said actions for $500, and also from an order in each action entered in said clerk's office on the 21st day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

*William J. Kelly*, for the appellant.

*Edwin C. Schaffer* and *Joseph G. Mathews*, for the respondent.

WILLARD BARTLETT, J. :

In these two actions, which were tried together, the plaintiffs have recovered damages to the amount of $500 each against the Long Island Railroad Company for false imprisonment and malicious prosecution effected through the agency of a special officer in the service of the defendant, who caused the arrest of the plaintiffs upon a charge of having stolen coal from the defendant's premises. The arrest was made not upon the land of the Long Island Railroad Company, but at a point several blocks distant from the place where the coal was alleged to have been stolen. In behalf of the appellant it is insisted that the act of the special officer in making the arrest was outside the scope of his employment; but we think that there was sufficient evidence to justify the jury in finding otherwise. The special officer himself testified : " My duties there were to watch these people stealing coal, and if I caught any of them to lock them up. I had such instructions from the company." There was no denial that such was his actual authority ; and it cannot be held as matter of law that the instructions to which he testified limited his action to the premises of the railroad company. It can hardly have been intended by those who gave the instructions that if he saw persons stealing the company's coal he was to refrain from arresting them simply because they had succeeded in getting off the land of the company before he was able to apprehend them. In any event, this branch of the case appears clearly to fall within the settled doctrine that a master may be held responsible for the acts of his servant within the general scope of his employment while engaged in the master's business, even though the servant may have disregarded some particular direction of the master in respect to the manner in which he shall discharge his duties. (*Cosgrove* v. *Ogden*, 49 N. Y. 255. See, also, *Grimes* v. *Young*, 51 App. Div. 239, and cases there cited.)

An error was committed upon the trial, however, in respect to the measure of damages, which requires a reversal of these judgments. The learned judge was requested to instruct the jury that the damages should be compensatory only, and that they could not impose any damages to punish the defendant company in any form. This request was refused and an exception was taken by the defendant. We deem the exception fatal. The action was against the

corporation; and the liability of the railroad company depended upon the relation of master and servant or principal and agent existing between it and the special officer who made the arrest. While it is undoubtedly true that a corporation may be liable for exemplary or punitive damages in a proper case, such damages are not recoverable in this State against a master for the wrongful act or negligence of his servant unless he has authorized the misconduct or ratified it, or unless it is committed after the unfitness of the servant has become known to the master. (*Muckle* v. *Rochester Railway Co.*, 79 Hun, 32, 38, and cases there cited by BRADLEY, J.; *Rowe* v. *B. H. R. R. Co.*, 71 App. Div. 474.) The rule on this subject adopted in New York is that approved by Mr. Sedgwick in his well-known work on Damages, where he says that the better opinion seems to be that " exemplary damages should be allowed against a corporation for the act of its servant only if it expressly authorized the act as it was performed, or afterwards ratified it, or was negligent in hiring the servant or retaining him in its employ." (1 Sedg. Dam. [8th ed.] § 380.)

Inasmuch as we cannot say that the sum awarded by the jury may not have included some amount by way of punishment, it follows that a new trial must be granted in each case.

All concurred.

Judgments and orders reversed and new trial granted, costs to abide the event.