### KASTNER v. LONG ISLAND R. CO. (two cases).

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. SERVANT—EXTENT OF AUTHORITY—QUESTION FOR JURY.

Testimony by the special officer of a railroad company that: "My duties there were to watch these people stealing coal, and, if I caught any of them, to lock them up. I had such instructions from the company,"—did not show, as a matter of law, in an action against the company for false imprisonment and malicious prosecution, that the officer's authority to arrest was limited to the premises of the railroad company.

2. MASTER—LIABILITY FOR PUNITIVE DAMAGES.

Punitive damages are not recoverable against a master for the wrongful act or negligence of his servant unless he has ratified the misconduct, or unless it is committed after the unfitness of the servant has become known to the master.

Appeal from trial term, Queens county.

Two separate actions by John Kastner and by Joseph Kastner, both infants, by Frederick Kastner, their guardian ad litem, against the Long Island Railroad Company. From judgments for plaintiffs, and from orders denying new trials, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Kelly, for appellant.
Edwin C. Schaffer, for respondents.

WILLARD BARTLETT, J. In these two actions, which were tried together, the plaintiffs have recovered damages to the amount of $500 each against the Long Island Railroad Company for false imprisonment and malicious prosecution effected through the agency of a special officer in the service of the defendant, who caused the arrest of the plaintiffs upon a charge of having stolen coal from the defendant's premises. The arrest was made, not upon the land of the Long Island Railroad Company, but at a point several blocks distant from the place where the coal was alleged to have been stolen. In behalf of the appellant it is insisted that the act of the special officer in making the arrest was outside the scope of his employment, but we think that there was sufficient evidence to justify the jury in finding otherwise. The special officer himself testified:

"My duties there were to watch these people stealing coal, and, if I caught any of them, to lock them up. I had such instructions from the company."

There was no denial that such was his actual authority; and it cannot be held, as matter of law, that the instructions to which he testified limited his action to the premises of the railroad company. It can hardly have been intended by those who gave the instructions that, if he saw persons stealing the company's coal, he was to refrain

from arresting them simply because they had succeeded in getting off the land of the company before he was able to apprehend them. In any event, this branch of the case appears clearly to fall within the settled doctrine that a master may be held responsible for the acts of his servant within the general scope of his employment while engaged in the master's business, even though the servant may have disregarded some particular direction of the master in respect to the manner in which he shall discharge his duties. Cosgrove v. Ogden, 49 N. Y. 255, 10 Am. Rep. 361. See, also, Grimes v. Young, 51 App. Div. 239, 64 N. Y. Supp. 859, and cases there cited.

An error was committed upon the trial, however, in respect to the measure of damages, which requires a reversal of these judgments. The learned judge was requested to instruct the jury that the damages should be compensatory only, and that they could not impose any damages to punish the defendant company in any form. This request was refused, and an exception was taken by the defendant. We deem the exception fatal. The action was against the corporation; and the liability of the railroad company depended upon the relation of master and servant, or principal and agent, existing between it and the special officer who made the arrest. While it is undoubtedly true that a corporation may be liable for exemplary or punitive damages in a proper case, such damages are not recoverable in this state against a master for the wrongful act or negligence of his servant unless he has authorized the misconduct or ratified it, or unless it is committed after the unfitness of the servant has become known to the master. Muckle v. Railway Co., 79 Hun, 32, 38, 29 N. Y. Supp. 732, and cases there cited by Bradley, J.; Rowe v. Railroad Co., 71 App. Div. 474, 75 N. Y. Supp. 893. The rule on this subject adopted in New York is that approved by Mr. Sedgwick in his well-known work on Damages, where he says that the better opinion seems to be that "exemplary damages should be allowed against a corporation for the act of its servant only if it expressly authorized the act as it was performed, or afterwards ratified it, or was negligent in hiring the servant, or retaining him in its employ." 1 Sedg. Dam. (8th Ed.) § 380. Inasmuch as we cannot say that the sum awarded by the jury may not have included some amount by way of punishment, it follows that a new trial must be granted in each case.

Judgment and orders reversed, and new trial granted; costs to abide the event. All concur.