## SHARP v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. RAILROADS—ARREST OF TRESPASSER—PUBLIC OFFICER AS AGENT OF COMPANY —LIABILITY OF COMPANY.

    Pen. Code, § 426, makes guilty of a misdemeanor one who steals a ride on a freight train. Sections 117 and 154 make guilty of a misdemeanor a public officer who willfully neglects or omits to perform a duty enjoined by law. A railroad company appointed as its agent to keep tramps off its trains, to drive off trespassers from its property, and to look after

crimes committed on its right of way, a person who held the offices of deputy sheriff, constable, and policeman. In endeavoring to arrest one who was stealing a ride on a freight train, this officer, after pursuing the trespasser beyond the company's right of way, shot at and killed him. *Held*, that the killing was done while in pursuance of duty as a public officer, and not as the company's agent, and hence the company was not liable in damages.

Houghton, J., dissenting.

Appeal from Special Term, Chemung County.

Action by Charles F. Sharp, as administrator of the estate of George Sharp, deceased, against the Erie Railroad Company. From a judgment for defendant entered on dismissing plaintiff's complaint, and from the denial of a new trial, plaintiff appeals. Affirmed.

The defendant operates a railroad through the village of Salamanca in the town of Salamanca and the county of Cattaraugus in the state of New York. Plaintiff's intestate on the 16th day of May, 1901, was stealing a ride upon one of the defendant's freight cars as it came into the said village of Salamanca. Being warned, he jumped from the car, and ran from the defendant's right of way into an adjoining piece of property. He was followed by one Wheeler, who chased him from the defendant's right of way, calling upon him to stop. After both he and Wheeler in this chase had passed beyond the defendant's right of way, Wheeler called upon him to stop, and upon his failure to do so Wheeler fired a revolver. The bullet from the revolver struck the plaintiff's intestate and killed him. At this time Wheeler was a policeman of the village of Salamanca, a constable of the town of Salamanca, and deputy sheriff of the county. He was also in the employ of the defendant, with instructions to protect "the company's interests on the right of way, to keep tramps from trains, and look after robberies that might occur at stations and on freight cars, in the yards, and on the tracks and in the station, and look after persons in an intoxicated condition on the company's property, and generally to look after crimes committed against the railroad company on the right of way. It was part of his duty to drive off and keep off trespassers from the company's property. Mr. Wheeler's duty was not limited to keeping trespassers off the trains, where it was to the company's interest to keep them out of the yards. That was usually committed to his discretion." This action is brought against the defendant upon the ground that Wheeler was the servant of the defendant, for whose wrongful or negligent act the defendant is responsible. After the plaintiff's evidence was in, the trial court dismissed the complaint, and from the judgment entered upon such dismissal, and from the order denying plaintiff's motion for a new trial, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Frank C. Ogden (D. C. Robinson, of counsel), for appellant.
Frederick Collin, for respondent.

SMITH, J. The act of Wheeler was negligent, not willful. The natural inference is that he shot to frighten, without intent to wound. Plaintiff's intestate had committed a misdemeanor in Wheeler's presence. Pen. Code, § 426. As a peace officer of the town in which this shooting occurred, he was required to apprehend him and arrest him, whether on or off the defendant's right of way, and the failure to do so would have rendered him liable to prosecution as for a misdemeanor. Pen. Code, §§ 117, 154. In making this arrest, then, was Wheeler acting as a public officer with public duties, or was he acting as the servant of the defendant? If as the servant of the defendant, for his negligence in so acting the defendant is clearly

liable. If as a peace officer of the town, the defendant is not liable for his negligence.

The learned trial judge properly held, we think, that Wheeler's act in making this arrest was not the act of defendant's servant. Wheeler's duty to make the arrest was entirely independent of his duty to defendant. Moreover, defendant had no authority to forbid it or to restrain it. It would be a legal anomaly to hold one responsible for the act of another which he was without authority to forbid and without power to prevent. This want of power to prevent would seem conclusively to negative any inference that the act was done by authority of the defendant. The employment of a public peace officer by a private person assumes on the one hand the existence of certain powers and duties as a public officer, and correlatively is conditioned upon the existence of public duties to be exercised even against the will of the employer. In Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673, it is held that a truckman who transports traveler's baggage or the merchant's goods to the railroad station, though hired and paid for service by the owner of the baggage or goods, is not the servant of the person who thus employs him. If this be true where the service is within the direct control of the employer, how much stronger should be the right of immunity where the employment is of a public officer whose acts in the public service are beyond the employer's control. Wheeler's employment by defendant was to patrol the yards that he might keep off trespassers, and that he might protect the company's property by more readily detecting crimes for which, after detection, it was his official duty to arrest.

The rule of law here stated is not without authority. In Healey v. Lothrop, 171 Mass. 263, 50 N. E. 540, a special officer was appointed at the instance of the keeper of a place of amusement in Boston for the protection of his private property, and paid for by him under a law of that state. It was held that in committing an assault and battery while in the performance of his duty he was not the servant of the keeper of the place of amusement. While this decision was made under a law of Massachusetts, the reasoning is just as applicable to the case at bar. In fact, in the case at bar the facts would seem to give greater right to immunity because in that case a policeman was specially appointed to protect the property of the one sought to be held liable, while in the case at bar Wheeler was the duly elected constable of the town for no special purpose. In Dickson v. Waldron, 135 Ind. 521, 34 N. E. 506, 35 N. E. 1, 24 L. R. A. 483, 488, 41 Am. St. Rep. 440, where a policeman had been called in by the proprietor to quell a disturbance in a theater, the opinion, in treating of his act as a policeman or as the servant of the proprietor, reads:

"But it is said that John M. Kiley was a policeman, and therefore appellants were not responsible for his attack upon appellee. Whether, at the time of the injuries complained of, Kiley was acting as a policeman or as agent of appellants must depend upon the acts done by him. Because he was a police officer it does not follow that all his acts were those of a policeman, and because he was an agent of the appellants it does not follow that all his acts were those of such agent. Even if he were a regular patrolman, called in off the street by appellants or their agents to aid in enforcing the regula-

tions of the theater, he would, for such purposes, be only an agent of the appellants, and for his conduct as such agent, within the scope of his employment, appellants would be responsible. If, however, after entering the theater, he should discover appellee in the act of violating a criminal law of the state or a penal ordinance of the city, and should proceed to arrest him for it, such arrest would be that of a police officer. And if such arrest were made on the officer's own motion, without direction, express or implied, on the part of the appellants, then appellants would not be responsible."

In Jardine v. Cornell, 50 N. J. Law, 486, 14 Atl. 590, a policeman had been called in a train to assist in ejecting a passenger, and it was there held:

"If the conduct of a passenger unlawfully persisting in riding in a railroad car is such as to constitute him a disorderly person, a policeman may, by virtue of his office, arrest such disorderly character, notwithstanding the fact that such policeman was originally called in as an agent of the company, and for violence incident to such arrest the company and its agents are not liable.

"When such policeman takes by force the disorderly person from the scene of disorder to the police station, such act would be presumed to have been done by virtue of his official character, notwithstanding the fact that prior to such disorderly conduct the officer was in law the agent of the defendant; and for force used in making such arrest the defendants are not liable."

In Hershey v. O'Neill (C. C.) 36 Fed. 171, it was held that a special patrolman appointed under chapter 180, p. 200, of the Laws of 1884, and whose services were paid for by the proprietor of a store, was not the agent of such proprietor, for whose acts in making a false arrest the proprietor was liable.

In Brill v. Eddy, 115 Mo. 605, 22 S. W. 489, the opinion in part reads:

"It is not an uncommon thing for corporations and individuals to employ duly appointed police officers to watch their property, and, if such an officer so employed make an arrest for disorderly conduct, the presumption is that he acted in his official capacity as the agent of the state, and not as the agent of his employer. Being an officer whose duty was prescribed by law, it should be presumed, until the contrary is made to appear, that his employment only contemplates the exercise of such powers as the law confers upon him."

See, also, Tolchester Beach Imp. Co. v. Steinmeier, 72 Md. 313, 20 Atl. 188, 8 L. R. A. 846.

The case of Kastner v. L. I. R. R. Co., reported 76 App. Div. 323, 78 N. Y. Supp. 469, holds no contrary rule of law. In that case it is not clearly indicated what were the duties of the special officer who was held to be the agent of the company, nor under what statute he was appointed. He was acting under specific instruction from the company to make arrests of persons caught stealing coal. It was therefore held that in making such an arrest he was acting as the agent of the company. The question does not seem there to have been raised as to the public official duty which such officer had, if any, to make an arrest for a crime committed.

We have examined the other questions raised by the appellant, and find no reason therein for disturbing the conclusion of the trial court.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except HOUGHTON, J., who dissents.