This action was brought by the plaintiff to recover damages for an assault upon and forcibly ejecting him from its car, at Staatsburg, a station on defendant's road between Poughkeepsie and Rhinebeck.
The jury by their verdict have found that the plaintiff purchased a ticket at the station at Sing Sing, for Rhinebeck; that with this ticket he went on board a train from New York, going no farther north than Poughkeepsie; that after this train passed Peekskill the conductor called for tickets and the plaintiff handed his to him, which he took and retained, giving to the plaintiff no check or other evidence showing any right to a passage upon any train of the defendant; nor did the plaintiff ask for a return of his ticket or for any such evidence. Upon the arrival of the train at Poughkeepsie, where it stopped, the plaintiff got out and waited at the station until another train arrived from New York, which was going to Albany, stopping at Rhinebeck. The plaintiff got into and seated himself in a car in this train; and after it started the conductor called upon him for his ticket; in reply to which the plaintiff told him that he had purchased a ticket from Sing Sing *Page 298 
to Rhinebeck, which the conductor of the other train had taken and had not given back to him; some of the passengers told the conductor that the plaintiff had had such a ticket. The conductor told the plaintiff that it was his duty in case he had no ticket to collect the fare, and that the other conductor would make it right with him. The plaintiff refused to pay fare, and the conductor told him he must leave the train. This the plaintiff refused to do, insisting upon his right to a passage to Rhinebeck upon the ticket which the conductor of the other train had taken. Upon the arrival of the train at Staatsburg, a regular station, the plaintiff still refusing to pay fare or to leave the train upon request, was taken hold of and such force used as was necessary to overcome his resistance, and ejected from the car. This was the injury for which the recovery was had.
The court, among other things, charged the jury that the conductor seemed to have done no more than his duty to the company as between him and the company; but at the same time that did not excuse the company for the wrongful act of the other conductor — for which act they were responsible. The defendant's counsel requested the court to charge the jury that this was not a case for punitive or exemplary damages. The court declined so to charge, and in reply said: "I am inclined to think it is a case where the jury are not restricted to actual injuries — in other words, to compensatory damages." To this the counsel for the defendant excepted. This exception was well taken. It must be kept in mind that the injury for which a recovery was sought was the forcible ejection of the plaintiff from the car by the conductor of the train, not the wrongful taking from the plaintiff of his ticket by the conductor of the other train. The latter was regarded as material, only as making the former act wrongful as against the plaintiff. The court, in substance, charged that in putting the plaintiff off the car the conductor acted in what he believed was the performance of his duty to the company. This being so, it is clear that no punitory damages could have been recovered against him *Page 299 
had he been sued instead of the company. In Hamilton v. TheThird Avenue Railroad Co. (53 N.Y., 25) it was held by this court that a master was not liable for punitory damages for the act of his servant, done under circumstances which would give no such right to the plaintiff as against the servant had the suit been against him instead of the master. Caldwell v. The NewJersey Steamboat Co. (47 N.Y., 282) is not at all in conflict with this; nor does it hold that a master is liable to punitory damages for the wrongfully act of his servant if free from any wrong of his own. It does hold that a corporation is liable for punitory damages for its own torts and breaches of duty. This error in the charges requires a reversal of the judgment and a new trial.
But there is another important question in the case which will necessarily arise upon a retrial, and which was raised by an exception taken upon the trial already had: that is whether the plaintiff had a right to go upon another train and use force to retain a seat there; refusing to pay fare, having no evidence of any right to a passage, by reason of the conductor of the other train having wrongfully taken and retained his ticket.
It is insisted by the counsel for the plaintiff that this question was decided in favor of the plaintiff in Hamilton v.Third Avenue Railroad Company (supra). This question was not involved or decided in that case. There the plaintiff testified that when the car upon which he had paid his fare to the City Hall stopped at an intermediate station, its conductor told the passengers to change cars; that before going on board the car from which he was ejected, he inquired of its conductor whether any transfer ticket was necessary; that the conductor told him it was not; that if he came from the other car he could go on board of the one from which he was ejected. This was equivalent to an assurance by that conductor that he could ride upon the car under his control, without further payment of fare or evidence of a right so to do. It was in reference to this testimony that it was said that the company would be liable for *Page 300 
his wrongful ejection from the car by the conductor who had given this assurance. But testimony was given by the defendant in direct conflict with this. The judge erroneously charged the jury that, assuming the truth of the latter testimony, and that the conductor acted in good faith in putting the plaintiff off the car, still he was entitled to recover of the company punitory damages if he had paid fare to the City Hall upon the other car. For this error the judgment was reversed and a new trial ordered by this court.
In Hibbard v. The New York and Erie Railroad Co. (15 N.Y., 455) it was held by this court that a railroad company had the right to establish reasonable regulations for the government of passengers upon its trains, and forcibly eject therefrom those who refused to comply with such regulations. Surely, a regulation requiring passengers either to present evidence to the conductor of a right to a seat, when reasonably required so to do, or to pay fare, is reasonable; and for non-compliance therewith such passenger may be excluded from the car. The question in this case is whether a wrongful taking of a ticket from a passenger by the conductor of one train, exonerates him from compliance with the regulation in another train, on which he wishes to proceed upon his journey. I am unable to see how the wrongful act of the previous conductor can at all justify the passenger in violating the lawful regulations upon another train. For the wrongful act in taking his ticket he has a complete remedy against the company. The conductor of the train upon which he was was not bound to take his word that he had had a ticket showing his right to a passage to Rhinebeck, which had been taken up by the conductor of the other train. His statement to that effect was wholly immaterial, and it was the duty of the conductor to the company to enforce the regulation, as was rightly held by the trial judge, by putting the plaintiff off, in case he persistently refused to pay fare. The question is, whether under the facts found by the jury, resistance in the performance of this duty was lawful on the part of the plaintiff. If so, the singular *Page 301 
case is presented, where the regulation of the company was lawful, where the conductor owed a duty to the company to execute it, and at the same time the plaintiff had the right to repel force by force and use all that was necessary to retain his seat in the car. Thus, a desperate struggle might ensue, attended by very serious consequences, when both sides were entirely in the right, so far as either could ascertain. All this is claimed to result from the wrongful act of the conductor of another train, in taking a ticket from the plaintiff, for which wrong the plaintiff had a perfect remedy, without inviting the commission of an assault and battery by persisting in retaining a seat upon another train in violation of the lawful regulations by which those in charge were bound to govern themselves. It was conceded by the counsel, upon the argument, that one buying a ticket, say from Albany for Buffalo, which was wrongfully taken from him by a servant of the company, and who had once been put off for a refusal to pay fare, would not have the right to go upon other trains going to Buffalo, and if forcibly ejected therefrom maintain actions against the company for the injuries so inflicted. The reason why he could not, given by the counsel, was, that being once ejected was notice that he could not have a seat upon the ticket which he claimed had been taken from him. But when the conductor in charge of the train explicitly tells him that he cannot retain his seat upon that ticket, that he must pay fare or leave the car, does it not amount to the same thing? He then knows that he cannot proceed upon the ticket taken, but must resort to his remedy the same as though he had been ejected. If, after this notice, he waits for the application of force to remove him, he does so in his own wrong; he invites the use of the force necessary to remove him; and if no more is applied than is necessary to effect the object, he can neither recover against the conductor or company therefor. This is the rule deducible from the analogies of the law. No one has a right to resort to force to compel the performance of a contract made with him by another. He must avail himself of the remedies the law *Page 302 
provides in such case. This rule will prevent breaches of the peace instead of producing them; it will leave the company responsible for the wrong done by its servant without aggravating it by a liability to pay thousands of dollars for injuries received by an assault and battery, caused by the faithful efforts of its servants to enforce its lawful regulations.
The judgment appealed from must be reversed and a new trial ordered, costs to abide event.
All concur; FOLGER and ANDREWS, JJ., concurring on the first ground; CHURCH, Ch. J., concurring on last ground stated in opinion.
Judgment reversed.