NATHANIEL ENGLISH, Respondent, *v.* THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

A passenger who is lawfully upon a railroad train and has paid his fare has the right to offer such resistance to any attempt on the part of the conductor to remove him therefrom as may be necessary to prevent his being ejected; and if, in consequence of his resistance, extraordinary force becomes necessary and is used to remove him, and he is injured thereby, he can recover of the corporation for such injury. (MILLER, J.; CHURCH, Ch, J., and RAPALLO, J., concurring.)

A passenger has the right to resist an attempt to eject him from a train for non-payment of fare made when the train is in motion, so that his being put off would subject him to great peril. (MILLER, J., CHURCH, Ch. J.; and RAPALLO, J., concurring.)

*Townsend* v. *New York Central and Hudson River Railroad Company* (56 N. Y., 295) distinguished.

(Argued June 14, 1876; decided June 20, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order denying motion for a new trial and directing judgment upon a verdict. (Reported below, 4 Hun, 683.)

This action was brought to recover damages for injuries alleged to have been received in being forcibly ejected from one of defendant's cars by the conductor of the train. The defence was that plaintiff was ejected for non-payment of fare.

Plaintiff took passage on one of defendant's trains at Binghamton for Port Crane, and his evidence tended to show that he paid his fare. The conductor asked him for it again, was informed by plaintiff that he had paid it, but insisted that unless it was paid he would put plaintiff off, and the latter

refusing to pay, rang the bell for the train to stop and forcibly ejected plaintiff from the train, the latter resisting. There was some evidence also that when the conductor commenced to remove plaintiff from the car it had not entirely stopped.

The defendant's counsel requested the court to charge that, even if the jury find that the plaintiff had paid his fare, and the conductor had no right to remove him from the car, if he resisted to such an extent that extraordinary force became necessary to remove him, and he was injured thereby, he cannot recover for such injury; to which the court responded as follows: " I think this is the law: If he was lawfully there he had a right to resist the conductor in removing him from the car, and the resistance that he made cannot be made against him." Defendant's counsel duly excepted.

Defendant's counsel further requested the court to charge that if the jury find that the plaintiff resisted when being put off the train more than was necessary to protect his legal rights, and to avail himself of his legal remedy for breach of contract on the part of the defendant to carry him to Port Crane, and he is thereby injured, he cannot recover for such injury. The court refused so to charge, and the defendant's counsel duly excepted.

Exceptions were ordered to be heard at first instance at General Term.

*J. G. Runkle* for the appellant. It was error to exclude evidence offered by defendant to show plaintiff's motives by similar acts as bearing upon the question whether he had paid his fare. (*Cary* v. *Hotaling*, 1 Hill, 311; 1 C. & H. ed. Phil. Ev., note 333, p. 452; *Hall* v. *Naylor*, 18 N. Y., 588; *Jackson* v. *Zimmerman*, 12 Wend., 299; *Meyer* v. *Gould*, 31 How., 456; *Benham* v. *Cary*, 11 Wend., 83; *Hubbard* v. *Briggs*, 31 N. Y., 568.) Plaintiff had no right to resort to force to compel the performance of a contract made with him by another. (*Townsend* v. *N. Y. C. and H. R. R. R. Co.*, 56 N. Y., 301; *Elliot* v. *Brown*, 2 Wend., 497.) Defendant was not liable for the action of its conductor. (*Hubbard* v

*N. Y. and E. R. R. Co.*, 15 N. Y., 455; *Weed* v. *Panama R. R. Co.*, 17 id., 362; *De Camp* v. *M. and M. R. R. Co.*, 12 Iowa, 348; *Alger* v. *M. and M. R. R. Co.*, 10 id., 268; *Ill. C. R. R. Co.* v. *Downey*, 18 Ill., 259; *Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y., 122, 128; *Crocker* v. *N. L. W. and P. R. R. Co.*, 24 Conn., 265; *Thames Stbt.* v. *Hous. R. R. Co.*, id., 40.)

*O. W. Chapman* for the respondent.   Plaintiff having paid his fare in the manner required by defendant, and complied with all its rules and regulations, had a right to resist being put off the train. (*Putnam* v. *B. and Seventh Ave. R. R. Co.*, 55 N. Y., 108, 114; *Hibbard* v. *N. Y. and E. R. R. Co.*, 15 id., 445; *Townsend* v. *N. Y. C. and H. R. R. R. Co.*, 56 id., 295; *Higgins* v. *W. Tpke. and R. R. Co.*, 46 id., 23; *Sandford* v. *Eighth Ave. R. R. Co.*, 23 id., 343.)

Miller, J.   From the finding of the jury upon the trial, at the Circuit, we are authorized to assume that the plaintiff had paid his fare and was rightfully upon the train when he was removed by defendant's conductor.   This being conceded as to the actual state of the case, the judge properly refused to charge in accordance with the request of the defendant's counsel, that even if the conductor had no right to remove the plaintiff from the cars, if he resisted to such an extent that extraordinary force became necessary to remove him, and he was injured thereby, he could not recover for such injury. The judge was also clearly right in charging, in response to this proposition, that if the plaintiff was lawfully there he had a right to resist the conductor in removing him, and his resistance could not be urged against his right to recover damages. When a conductor is in the wrong the passenger has a right to protect himself against any attempt to remove him, and resistance can lawfully be made to such an extent as may be essential to maintain such a right.   Cases occur where circumstances may imperatively require that the passenger should remain on the train on account of others who may be there in

his charge, or where it is indispensable that he should hasten on his journey without delay; and if by reason of the mistaken judgment or willfulness of the conductor, he could be expelled when lawfully there, serious injury might follow. The law does not, under such circumstances, place the passenger within the power of the conductor; and when lawfully in the cars, he is authorized to vindicate such right to the full extent which might be required for his protection.

The judge was also right in refusing to charge the jury that if they found that the plaintiff resisted, when being put off the train, more than was necessary to protect his legal rights and to avail himself of his legal remedy for a breach of contract on the part of the defendant, and was thereby injured, he could not recover. As the plaintiff was lawfully on the train, he was clearly justified in resistance to the extent which might be necessary, to prevent his being ejected. The evidence establishes that he did not resist enough to retain his position on the cars; and it does not distinctly appear that he resisted beyond what was necessary for that purpose, or that he received any injury by resisting. Under these circumstances it may be questionable whether the request was applicable. If it was, the charge covered sufficiently the request made. It may also be remarked, that as there was evidence to show that the train was in motion at the time, the law of self-preservation justified the plaintiff in repelling any attempt to eject him which would endanger his life or subject him to great hazard and peril. (*Sanford* v. *The Eighth Av. Railroad Co.*, 23 N. Y., 343.) The act of resistance, under such circumstances, would be for the protection of his life or from probable serious injury; and he was not called upon in such a moment of extreme necessity to determine, with exact precision, whether he used more force than was required. It is said that this distinct point was not taken by the plaintiff upon the trial. The answer is, that the fact, if it existed, was a part of the entire case and of the evidence upon the trial, which properly belonged to the consideration of the jury, and it is not apparent how or in what manner the point could be raised

so as to present a question of law and constitute a part of the record. We are referred to the case of *Townsend* v. *The New York Central and Hudson River Railroad Company* (56 N. Y., 295) as authority for the doctrine that no one has a right to resort to force for the performance of a contract made with him by another. In that case the passenger had surrendered his ticket to a conductor of another train, upon which he had been traveling, and had no lawful right to ride with a new conductor, who had no knowledge that he had a ticket, and who was bound by one of the rules of the company to eject him if he failed to show his ticket or to pay his fare when demanded. While the remarks in the opinion of the learned judge, embracing the proposition referred to, might be entirely appropriate in that case, it cannot be urged, upon any rational hypothesis, that they have any application whatever where the conductor was wrong and acted in violation of law. In the latter case the passenger could not be regarded as resorting to force to enforce a contract while he was merely resisting an unauthorized assault upon his person and an unjustifiable invasion of his rights.

The request, as made, was also liable to objection because it assumed that the resistance in part should be limited to such force as might be required to enable the plaintiff to prosecute the defendant for a breach of the contract. A mere assertion of a right would be sufficient for such a purpose, without actual force, and hence the request was clearly wrong, and embraced too much. For the reasons stated the request to charge was erroneous, and properly refused.

Some other questions are raised by the counsel for the defendant, but they are sufficiently considered and properly disposed of in the opinion of the General Term, and do not require especial comment.

No error appearing in the record before us, the judgment must be affirmed, with costs.

All concur; ALLEN and EARL, JJ., concurring in result; FOLGER and ANDREWS, JJ., absent.

Judgment affirmed.