## HARDY v. NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Second Department.  December 10, 1890.)*

1. CARRIERS—EJECTION OF PASSENGERS.
    Plaintiff was unable to get a ticket from H. to N. and return, the station at H. being closed.  He entered the train and paid the conductor the fare for the round trip.  The conductor promised to get him a ticket at C., the next station, and procured there a ticket from C. to N. and return, the return coupon of which he delivered to plaintiff.  Plaintiff showed this coupon for the purpose of entering a train to return to H., and he was informed that the train did not stop at C.; but, on the circumstances being stated to the conductor of that train, the latter said: "All right; get aboard."  When the coupon was presented to the same conductor on the train, he demanded the fare between C. and H., and, on the refusal of plaintiff to pay it, ejected him from the train.  *Held* that, as it appeared that the conductor of the returning train invited plaintiff on the train with full knowledge of the facts, he had no right to treat the ticket as one to C. only, and a recovery by plaintiff of damages for the ejection should be sustained.

2. SAME—EVIDENCE.
    In an action by a passenger for damages for being ejected from a train, evidence that he had with him articles needed for work progressing at his destination, is not improper, if damages resulted from his delay in arriving.  If no such damage is shown, the admission of the evidence is harmless.

Appeal from circuit court, Rockland county.

Action by Charles Hardy against the New York Central & Hudson River Railroad Company for damages for the ejection of plaintiff from defendant's railroad train.  From a judgment for plaintiff entered on the verdict of a jury, and an order denying a motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Ashbel Green* and *Herbert E. Kinney*, for appellant.    *Wm. McCauley, Jr.*, for respondent.

BARNARD, P. J.    The plaintiff wanted to go by the West Shore Railroad from Haverstraw to New York and return the same day.  The regular rate was one dollar.  He could not get into the ticket office at Haverstraw, but entered the train without a ticket.  He paid the conductor a dollar, and stated that he wished an excursion ticket from Haverstraw to New York and return.  The conductor promised to get such a ticket at Congers, a station next below Haverstraw.  The conductor left the train at Congers, went into the station, and returned with a ticket which he tore in two, and kept the part which entitled the plaintiff to go to New York, and delivered the other part

to the plaintiff. When the plaintiff wished to enter the train on his return to Haverstraw, it appeared that the ticket was from Congers to New York and return. The man in charge of the door through which passengers had to pass to get to the train, when he saw the ticket, informed the plaintiff that the train did not stop at Congers. The circumstances surrounding the purchase of the ticket were stated to him, and he went and saw the conductor who made the arrangement, and he replied: "All right; get aboard." When the ticket was presented to the conductor he demanded the fare between Congers and Haverstraw, and, on a refusal by plaintiff to pay the same, the conductor ejected him from the train some 18 miles south of Haverstraw. The conductor of the return train, and who removed the plaintiff, was not the same conductor who brought him to New York in the morning, but was the same who told the plaintiff to enter the train. The only issue he makes is that the plaintiff according to his evidence agreed to pay the extra fare from Congers to Haverstraw. The only real issue made by the conductor of the train from Haverstraw to New York was that he paid 25 cents back to the plaintiff, and only got a ticket from Congers and return with the remainder of the one dollar he received. The jury have found for the plaintiff, and his narrative is the most reasonable. He could not get a ticket at Haverstraw by the omission of the company to open the ticket office. A ticket to Congers and return was not what he wanted. The case did not fall within the rules of the company that a passenger must produce a proper ticket. He was carried on it from Haverstraw, and it was purchased as an excursion ticket from that place. The conductor of the return train was informed of the circumstances under which the ticket was purchased in the morning. While there is an absence of direct words that the full price from Haverstraw had been paid for it, there is no other inference than that a full statement was made, because after it the conductor invited the plaintiff to ride upon the ticket to Haverstraw, and he had no right to put him off the train. The case is not one which resembles *Hibbard* v. *Railroad Co.*, 15 N. Y. 455. That case was one where the passenger refused to show his ticket. The case of *Lynch* v. *Railroad Co.*, 90 N. Y. 77, only holds that a company cannot imprison a passenger who has lost his ticket; that he had a right to leave the train. The case of *Hamilton* v. *Railroad Co.*, 51 N. Y. 100, holds that what was said by way of insulting language when he was not acting as conductor was to be disregarded by a jury in an action against the company for putting a passenger off the train. A passenger may pay his fare to the conductor on the cars and travel without a ticket. A conductor on one train is not bound to take a passenger's word that he had a ticket which was taken up by the conductor of a previous train. *Townsend* v. *Railroad Co.*, 56 N. Y. 295. In this case the conductor of the return train invited the passenger on the train with full knowledge of the facts, and he was not at liberty to treat the ticket as one to Congers only. The evidence that the plaintiff had articles needed for his work progressing at Haverstraw was not improper. It was a direct injury from the failure to get home by the train he was on if damages resulted, but was not followed up so far as to show any damage. The evidence was harmless in itself. The judgment should therefore be affirmed, with costs.