<hr />

EDWIN K. WIGGINS, an Infant, by AUGUSTUS S. WIGGINS, his Guardian ad Litem, Respondent, *v.* JOHN KING and JOHN G. McCULLOUGH, as Receivers of THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

*Railroad — reasonable regulations as to the evidence of a passenger's right to ride — effect of a conductor's taking up the wrong coupon of an excursion ticket — references to the folios of the case in a statement of facts in counsel's points.*

A railroad company has a right to make reasonable regulations in respect to the method by which a passenger may assert to the employees of a railroad company his right to be a passenger upon any particular train. The possession and exhibition, upon reasonable demand, of a ticket assuring this right, is a reasonable regulation.

In an action brought to recover damages resulting from an alleged assault committed by the defendant, it appeared that the father of the plaintiff, an infant, purchased of the defendant a railroad ticket from Warren Point to Jersey City and return; that upon the journey to Jersey City a train conductor, by mistake, took up the return coupon, allowing the plaintiff to retain the other coupon, and that upon the journey back from Jersey City to Warren Point upon the next day, the conductor of that train refused to accept such latter coupon for passage, upon the ground that it did not entitle the plaintiff to ride in the opposite direction, and thereupon compelled the plaintiff to leave the train.

*Held,* that the error of the conductor on the first train in taking up the wrong coupon of the plaintiff's ticket did not affect the right of the conductor of the second train to eject him from it, and that the plaintiff could not recover in this action unless he entered upon his return journey in ignorance of the mistake of the conductor of the inward train (and unless such mistake could not have been discovered by the plaintiff by the exercise of ordinary diligence);

That the plaintiff had a complete remedy against the defendant for its wrongful act in its conductor's having improperly taken up the return ticket, but that the remedy in that regard was independent of and did not sustain the present action.

The statement of facts, preceding the points of counsel, should contain references to the folios of the case where the testimony appears upon which counsel rely in support of their statement of the facts

APPEAL by the defendants, John King and another, as receivers of the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of April, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 16th day of April, 1895, denying the defendants' motion for a new trial made upon the minutes.

*Frederic B. Jennings,* for the appellants.

*Samuel Ashton,* for the respondent.

VAN BRUNT, P. J. :

It is to be noticed in the consideration of the case at bar that the respondent prefixes to his points a long statement of facts without a single reference to the testimony contained in the case supporting such statement, except one at the end thereof, which is entirely immaterial to the questions involved in this appeal. We might very well, under the requirements of the General Rules of Practice, refuse to consider any portion of such statement, the more particu-

larly as the same contains allegations of fact which we cannot find to be supported by any testimony.

The facts of the case seem to be that the father of the plaintiff, on the 10th of September, 1894, purchased at Jersey City, and gave to the plaintiff, an excursion ticket from Jersey City to Warren Point, the return coupon being for transportation from Warren Point to Jersey City.

The plaintiff claims that in going from Warren Point to Jersey City the conductor took up the main coupon entitling him to ride from Jersey City to Warren Point. The next day, on his return journey, another conductor refused to accept the return coupon, reading from Warren Point to Jersey City, upon the ground that it did not entitle the plaintiff to ride in the opposite direction, and he was required to leave the train. This action was brought for an assault alleged to have been committed in putting the plaintiff off the train, he claiming to have been compelled to walk a considerable distance to his home and to have become sick because thereof. A recovery having been had in favor of the plaintiff, and an order having been entered denying the defendants' motion for a new trial, from such judgment and order this appeal is taken.

In the plaintiff's statement of the case it is alleged that the plaintiff did not discover the fact that the conductor of the train from Warren Point to Jersey City had taken the wrong part of the ticket until he became and was a passenger on the defendants' train on his return from Jersey City to Warren Point, and until he had presented this ticket to the conductor, which the conductor refused to receive.

We have examined the case with care to find any evidence whatever to support this proposition.

It is needless to cite authorities to sustain the proposition that a railroad company has the right to make reasonable regulations in respect to the method by which a passenger may assert to the employees of the company his right to be a passenger upon any particular train. The possession and exhibition, upon reasonable demand, of a ticket assuring this right has been held to be such a reasonable regulation. It is also equally clear that the plaintiff cannot recover in this action for the wrongful act of the conductor upon the train from Warren Point to Jersey City in taking up the wrong portion of the ticket.

It is equally well settled that unless the plaintiff, in ignorance of the mistake of the previous conductor, which mistake he could not, by using ordinary diligence, have discovered, entered the train going from Jersey City to Warren Point, his erroneous ticket presented no bar to the right of the conductor to eject.

In the case of *Muckle* v. *Rochester Railway Company* (79 Hun, 32, 37) the right of recovery was based upon the fact that the holder of the transfer ticket did not understand the marks upon the ticket showing the limitation of time within which it could be used.

In the case of *Hibbard* v. *N. Y. & E. R. R.* (15 N. Y. 455), which is referred to with approval in the case of *Townsend* v. *N. Y. Cen. & H. R. R. R. Co.* (56 N. Y. 295), the rule is laid down, in a case where a party claimed that his ticket was taken up by a conductor on a previous train before he had completed the journey which the ticket entitled him to ride, that "for the wrongful act in taking his ticket he has a complete remedy against the company. The conductor of the train upon which he was, was not bound to take his word that he had had a ticket showing his right to a passage to Rhinebeck which had been taken up by the conductor of the other train. His statement to that effect was wholly immaterial, and it was the duty of the conductor to the company to enforce the regulation, as was rightly held by the trial judge, by putting the plaintiff off, in case he persistently refused to pay fare."

It would seem, therefore, under the condition of the proof at the termination of the trial of the case at bar, that no case was made out as against the defendants, and that the complaint should have been dismissed.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

O'BRIEN and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.