(19 App. Div. 530.)

### RAY v. CORTLAND & HOMER TRACTION CO.

(Supreme Court, Appellate Division, Third Department.  July 6, 1897.)

1. CARRIERS—EJECTION OF PASSENGER—STOP-OVER TICKETS.

Plaintiff boarded a car on defendant's railroad and paid her fare to her destination. She asked the conductor for a stop-over, to enable her to leave the car at a point on the way, and take the next car, and the conductor gave her a ticket which, as punched by him, gave her an apparent right to ride to her destination, and he stopped the car for her to get off at the desired point. There was nothing on the ticket, or in any published rules of the company, to give plaintiff notice of any limitation upon the conductor's right to give such ticket. She boarded the next car, the conductor of which demanded fare, and upon her refusal to pay required her to leave the car. *Held* that, although the ticket was issued by the first conductor through mistake, and in violation of the rules of the company, the company was bound by it, and the ejection of the plaintiff from the second car was wrongful.

2. SAME—COMPULSION—WHAT IS.

When the conductor of a car notifies a passenger that, unless he pays a sum demanded, he will be put off the car, and, having the means at hand to enforce obedience, stops the car, and orders the passenger to get off, such passenger, though leaving the car without resistance, acts under compulsion.

Appeal from Cortland county court.

Action by Anna V. Ray against the Cortland & Homer Traction Company. From a judgment entered on a verdict in favor of plaintiff for the sum of $100, and from an order denying a motion on the minutes for a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Horace L. Bronson, for appellant.

J. & T. E. Courtney, for respondent.

MERWIN, J. The plaintiff claims that in July, 1896, she was wrongfully ejected and expelled by the defendant or its agents from one of its street cars while she was properly riding thereon as a passenger. The recovery is upon that basis. The defendant operates a street railroad from the village of Cortland, through Main street, to the village of Homer, a distance of about three miles. The plaintiff lives in the village of Cortland, and upon the day in question she, with her husband, went to Homer, and when ready to start back they got onto one of the defendant's cars. The through fare to Cortland was 10 cents. When the conductor came around to collect fares, the husband of plaintiff told him they wanted to pay the fare through to Cortland, and, if they could get some stop-overs, would like to stop at the store of O'Leary & McEvoy until the next car came along. The conductor said "All right," the husband paid the two through fares, and the conductor took two tickets out of a book, punched them, and gave them to the husband, being one for him and one for plaintiff, and told them they could stop off on those. The store of O'Leary & Co. was about the middle of the railroad line between the two villages. When the car arrived at the store, the conductor stopped it, and the plaintiff and her husband got off. When the next car came along, the plaintiff and her husband got on, and when they showed

their tickets to the conductor he told them that he could not accept them, and said that the conductor who issued them was a green conductor, and had no business to issue them, and they must pay additional fare of five cents each. The husband replied they had paid once, and were then told they could stop over till the next car. The conductor insisted; told them if they did not pay the additional fare he would have to stop the car, and put them off. They declined to pay. The conductor stopped the car, told them to get off, and they did so. They were about a mile and a half distant from their home. There were other passengers on the car. The tickets which the plaintiff and her husband had were transfer tickets, and upon their face, as they were punched by the first conductor, they gave to the holders the right to a passage to the plaintiff's destination. She only claimed what her ticket said she might have. The defendant, however, showed that the first conductor, under the rules of the company, had no right to issue such tickets for transfer from one point on one line to another point on the same line, but only to issue them for transfer to some other point on some one of the other lines that the defendant was operating in that vicinity. He had no right to issue them so that they would operate as stop-overs on the same line. He had them in his possession for the purpose of issue, but not for the purpose he issued them here. There was nothing on the face of the ticket that indicated this limitation. The ticket reads, "Good only to whom issued, on the next car over the line punched, within thirty minutes of time canceled, subject to the rules of the company." There were no rules on the subject published so that the traveling public could see or read them, and it may be inferred from the evidence that there were no written or printed rules on the subject. It was shown that the plaintiff or her husband, when they received the tickets, had no knowledge of any want of authority in the conductor to issue them.

The trial court charged the jury that the ticket issued by the first conductor bound the defendant, and that the plaintiff had a right to ride thereon. This is claimed to be error. We think not. There is no dispute as to what occurred at the time the first conductor issued the tickets. He had possession of the tickets, and in issuing them was acting within the scope of his apparent authority. The defendant was, I think, bound by his act. Tarbell v. Railway Co., 24 Hun, 51; Miller v. King, 84 Hun, 308, 32 N. Y. Supp. 332. In Cosgrove v. Ogden, 49 N. Y. 255, it is said that the test of a master's liability for the act of his servant is whether the act was done in the prosecution of the master's business, not whether it was done in accordance with the instructions of the master to the servant. In Hanover Nat. Bank of City of New York v. American Dock & Trust Co., 148 N. Y. 612, 620, 43 N. E. 72, it is said an agent may bind his principal within the limits of the authority with which he has apparently been clothed in respect to the subject-matter. It is claimed on the part of the appellant that the case of Townsend v. Railroad Co., 56 N. Y. 295, is applicable here. There the passenger had no ticket to show to the second conductor, and therefore it was said the passenger might be lawfully put off the train although he was there without a ticket by reason of the wrongful act of a prior conductor in taking up

his ticket.    Here the passenger had a ticket upon which she had the right to ride.    Besides, the rule suggested in the Townsend Case does not seem to have been followed in that or subsequent cases.    Upon the new trial there granted the plaintiff recovered, and the judgment was sustained at the general term.    6 Thomp. & C. 495.    See, also, English v. Canal Co., 66 N. Y. 454; Muckle v. Railway Co., 79 Hun, 32, 29 N. Y. Supp. 732.    In Wiggins v. King, 91 Hun, 340, 36 N. Y. Supp. 768, cited by the appellant, the passenger sought to travel in an opposite direction from that indicated on the ticket.    The cases cited by the counsel on the subject of a special agent do not, we think, apply here.    The Muckle Case is much like the present, and sustains the view of the trial court.

The court, in the course of its charge, said: "There has been a mistake, and upon that mistake the plaintiff has been put off the car; not forcibly put off, but I think there will be no controversy in this case but that the plaintiff was compelled to get off the car.    The car was stopped for that purpose, and the plaintiff was invited to get off."    The defendant excepted to "that part of your charge wherein the court says, in substance, the plaintiff was compelled to get off from the car."    No request, however, was made to submit any question on the subject to the jury.    The conductor, as a witness for defendant, testified: "I told them before they got off that they would have to pay ten cents more or get off, and they refused to pay, upon the ground that they had paid.    I then stopped the car, and told them to get off, and they did get off."    The defendant has no reason to complain of the charge in the respect suggested, in the absence of any request for the jury to pass upon the question of ejection or expulsion.    The fact that no actual force was used does not deprive the plaintiff of her right to damages.    Miller v. King, supra.    Smith v. Leo, 92 Hun, 242, 244, 36 N. Y. Supp. 949.    The conductor was in command, and had the means at hand of enforcing obedience to his orders.

The exception of the defendant to the court saying in its charge on the question of damages that the jury might take into consideration the indignity of putting the plaintiff off the car, the passengers being along, was not well taken.    Hamilton v. Railroad Co., 53 N. Y. 25; Sedg. Dam. (8th Ed.) § 865.    Our attention is called to some rulings upon evidence, but we find no good ground for reversal.

Judgment and order affirmed, with costs.    All concur.