(70 App. Div. 405.)

### MONNIER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   March 11, 1902.)

**1. CARRIERS—TICKET OFFICE—EXTRA FARE—PASSENGER—EJECTION.**

Plaintiff went to a railroad station 8 or 10 minutes before the arrival of a train, and applied for a ticket, but could not get it, because the agent was absent, and did not return until the train left.   Plaintiff boarded the train, and explained his inability to get a ticket to the conductor, and tendered the fare to the point of destination.   The conductor refused to take the fare unless five cents additional was paid, and on plaintiff's refusal to pay such additional sum forcibly ejected him from the train.   Laws 1857, c. 228, authorized a railroad to demand from a passenger riding on one of its trains five cents in addition to the regular fare when a ticket office established by it is kept open for the sale of tickets at least one hour prior to the departure of each passenger train. *Held*, that the eviction of plaintiff was wrongful, such statute giving no authority to demand the extra sum when the ticket office was not open for the sale of tickets.

**2. SAME—ASSAULT AND BATTERY—ACTION.**

Where a passenger on a railway car was wrongfully and forcibly ejected by the conductor because he would not pay an extra sum which the conductor had no right to demand, such passenger may maintain an action of assault and battery against the railroad company therefor.

**3. SAME—DAMAGES—VERDICT.**

Where a business man, riding in the daytime in a passenger coach with a number of acquaintances, who had tried to get a ticket, but could not, because the ticket agent was absent from his office, was forcibly ejected, after tendering his fare, because he would not pay an extra sum which the conductor had no right to demand, and in effect publicly charged with lying to the conductor, a verdict of $500 against the railroad company was justified.

Williams, J., dissenting.

Appeal from trial term, Oneida county.

Action by Charles H. Monnier against the New York Central & Hudson River Railroad Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Lewis, Watkins & Titus, for appellant.

D. F. Searle, for respondent.

SPRING, J.   This action is assault and battery to recover for injuries claimed to have been inflicted upon the plaintiff by reason of his forcible and improper ejection from a passenger train of the defendant by its conductor in charge of the train, and upon which the plaintiff was riding as a passenger.   On the morning of November 16, 1900, the plaintiff went to the station of the defendant at Oriskany for the purpose of taking the train for Utica, and which was scheduled to leave at 9:01.   He reached the station from 8 to 10 minutes before the arrival of the train, and applied at the ticket office for a ticket to Utica, but was unable to procure one, as the ticket agent was not in his office.   That official had left his place of business, and did not return until the train was leaving the station, so there was no opportunity for plaintiff to buy a ticket.   The fare from Oriskany to Utica

is 14 cents, and when the conductor came to the plaintiff for his ticket he tendered to the officer 15 cents, explaining to him that the ticket agent was not at the office, and for that reason no ticket could be purchased. The conductor insisted he must pay the extra charge of 19 cents for the trip to Utica or get off the train. Dr. Aulliame, who had taken the train at Oriskany, also informed the conductor that the agent was not in the office, and that plaintiff was not able to purchase a ticket. The conductor still insisted on the extra fare, which plaintiff declined to pay, and as the train was about leaving Whitesboro station the conductor caused it to be stopped, and forcibly dragged the plaintiff from the car; the latter resisting to the best of his strength. The conductor, after a sharp scuffle, carried the plaintiff from the car, and set him down in the road, and the plaintiff went from Whitesboro to Utica on the street car line.

By chapter 228 of the Laws of 1857 the defendant was permitted "to demand and receive from a passenger" riding on one of its passenger trains not exceeding five cents in addition to the regular fare, which is two cents a mile, when a ticket office established by it is kept "open for the sale of tickets at least one hour prior to the departure of each passenger train from such station"; and by section 2 of the act the authority to exact this excess of fare exists "if any person shall at any station where a ticket office is established and open" attempt to ride as a passenger "without having first purchased a ticket." The right of the conductor, therefore, to demand the additional sum of five cents from the plaintiff did not exist in the present case, for the defendant had omitted to give him the opportunity to purchase a ticket, as required by the statute. He was accordingly rightfully on the defendant's train, and, if he tendered the lawful fare of two cents a mile to Utica, the defendant was bound to receive it, and transport him to his place of destination. It is, however, contended that the action of assault and battery is not proper against the defendant, reliance chiefly being placed upon Townsend v. Railroad Co., 56 N. Y. 295, 15 Am. Rep. 419, in support of this contention. In that case the plaintiff was improperly and violently ejected from the defendant's passenger train, and an action for assault and battery was commenced by him. Upon the trial the trial judge instructed the jury that, although the conductor acted in good faith in the line of what he conceived to be his duty, still the jury might award to the plaintiff punitive damages if they reached the conclusion that he was entitled to recover, and the judgment was reversed for this manifest error. The judge, in his opinion, however, devotes considerable space to the discussion of the question whether the plaintiff had the right to use force to retain his seat in the car, and concludes that he had not that right. This conclusion was not essential to the determination of the case, and, so far as I have been able to discover, has not been followed by the courts of this state. In fact, in that case upon the retrial the plaintiff again recovered a substantial verdict, which was sustained by the general term. Townsend v. Railroad Co., 6 Thomp. & C. 495.

In Muckle v. Railway Co., 79 Hun, 32, 29 N. Y. Supp. 732, the action was for assault and battery for personal injuries sustained by the plaintiff by being forcibly put off the defendant's car by the con-

ductor, and a recovery was sustained. The effect of the Townsend Case was discussed and held to be controlling only in that it restricted the recovery to compensatory damages, and the court say further:

"It is a general rule that a carrier of passengers is answerable for all the consequences to a passenger of the willful misconduct or negligence of the persons employed by it in the execution of the duty it has assumed towards him. The defendant had, by its contract with the plaintiff, undertaken for a consideration paid to carry him to his place of destination, and pursuant to it he had the right of passage. As between him and the defendant he was at liberty to refuse to repay his fare, and to insist upon having his continuous passage. In violation of that right, the defendant, by its conductor, proceeded to forcibly eject him from the car in which he was rightfully seated as a passenger. Although the conductor personally might have been justified by his instructions to do so, the defendant was put in the wrong by the act of the other conductor, and was no more justified in the attempted act of ejection than it would have been if the plaintiff had at the time had and presented evidence of his right to remain as a passenger in the car without further payment."

In Dwinelle v. Railroad Co., 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. Rep. 611, the action was to recover damages for an assault made upon the plaintiff by a porter of the sleeping car in which plaintiff had been riding. The train of which it formed a part was detained, and the plaintiff, with the other passengers, was directed to board another train, and as they were walking along by the side of the car the porter made an unprovoked assault upon the plaintiff. The court of appeals, after holding that it was incumbent upon the defendant "to protect the passengers against any injury from negligence or willful misconduct of its servants while performing the contract," and after disposing of one or two other questions, unimportant here, say:

"These and numerous other cases hold that, no matter what the motive is which incites the servant of the carrier to commit an unlawful or improper act toward the passenger during the existence of the relation of carrier and passenger, the carrier is liable for the act and its natural and legitimate consequences."

The same principle is upheld in Stewart v. Railroad Co., 90 N. Y. 588, 43 Am. Rep. 185; Weber v. Railroad Co., 47 App. Div. 306, 62 N. Y. Supp. 1; Franklin v. Railroad Co., 52 App. Div. 512, 65 N. Y. Supp. 434; Ray v. Traction Co., 19 App. Div. 530, 46 N. Y. Supp. 521; Geraty v. Stern, 30 Hun, 426.

In Palmeri v. Railway Co., 133 N. Y. 261, 30 N. E. 1001, 16 L. R. A. 136, 28 Am. St. Rep. 632, the plaintiff had purchased a ticket of the agent at the station of the elevated railroad in New York, and was charged by him with having passed upon him a piece of counterfeit money. He followed up his accusation by detaining the plaintiff at the station and applying vile epithets to her. She sued the railroad company to recover damages for this unlawful restraint with the slanderous charges made publicly against her by the defendant's agent. A recovery was had, which was sustained by the court of appeals, which (at page 265, 133 N. Y., page 1002, 30 N. E., page 136, 16 L. R. A., and page 632, 28 Am. St. Rep.) uses this language in discussing the extent of the liability of the defendant for the misconduct of its servant:

"For all the acts of a servant or agent which are done in the prosecution of the business intrusted to him the carrier becomes civilly liable if its passengers or strangers receive injury therefrom. The good faith and motives of the servant are not a defense if the act was unlawful. Once the relation of carrier and passenger entered upon, the carrier is answerable for all consequences to the passenger of the willful misconduct or negligence of the persons employed by it in the execution of the contract which it has undertaken towards the passenger. This is a reasonable and necessary rule, which has been upheld by this court in many cases."

The contention of the appellant's counsel is that, if the plaintiff may maintain an action at all, it is one for the ejection of the plaintiff. That question is an academic one here, for the jury were instructed that no exemplary damages could be recovered, and hence the rule is restricted to what would have been the proper gauge of the defendant's liability had it been based solely upon the unlawful removal of the plaintiff. All the facts were set out in the complaint, and it is the subtlety of refinement to distinguish in a practical way between the two forms of actions, if there is any distinction between them. If the ejection was done by force, it is no more than an assault; and, if the form of the action resorted to is the common one for assault and battery, then the damages must be restricted to those which are termed "compensatory." If the plaintiff had been removed from the train without personal violence, he might have recovered whatever damages were the natural outcome of his expulsion. Had the conductor publicly and in violent language charged him with attempting to steal his ride, that would have been a proper item within the pale of compensatory damages. Had that official slandered the plaintiff, the jury would have been permitted to consider such slander as an element of damages. We can see no difference whether the action is what the counsel terms one for ejection or one for assault and battery. If the facts show an assault was committed, the gist of the action in any event is that plaintiff, while rightfully on the car, was improperly expelled therefrom, and whatever damages are the legitimate result of that unlawful invasion he can recover. The common law gives to a person assaulted and beaten an action to recover damages for assault and battery, and it is maintainable against the actual perpetrator of the outrage or the inciter of it. It has been held without variation that a common carrier is responsible for the unlawful acts of its employé while engaged in the general line of his duty (Rounds v. Railroad Co., 64 N. Y. 129, 21 Am. Rep. 597), and that carries with it the right to resort to any form of action which the facts warrant. If the better remedy is by action for assault and battery, then that form of remedy is available to the person injured. It would be a novel doctrine that, where the defendant is liable for injuries inflicted upon a person in throwing him from a passenger car, he is prevented from recovering because his complaint containing the facts upon which the cause of action rests charges the defendant with having assaulted and beaten the plaintiff. The case in Hamilton v. Railroad Co., 51 N. Y. 100, referred to, makes no such distinction between an action for assault and battery and one for ejection as is now contended for. The foundation of the plaintiff's cause of action is that he was rightfully on the car. He therefore had a right to defend himself, to resist force by

force; and, if he was injured by reason of the vigor of his resistance, that would not shield the defendant. English v. Canal Co., 66 N. Y. 454, 23 Am. Rep. 69; Railroad Co. v. Winter's Adm'r, 143 U. S. 60–73, 12 Sup. Ct. 356, 36 L. Ed. 71. The moralist may claim that a person should peaceably surrender his rights, rather than fight for their maintenance, but no such superfine doctrine finds support in the law.

The verdict in this case was $1,000. The trial court, in the exercise of its discretion, granted a new trial unless the plaintiff stipulated to reduce the recovery to $500, in which event the motion for a new trial was denied. The stipulation was given, and the appellant's counsel strenuously urges that the recovery is still excessive. The plaintiff was a business man, riding in the daytime in a passenger coach with a number of acquaintances. He was, in effect, publicly charged with lying to the conductor, and trying thereby to evade the payment of the fare to which the defendant claimed to be entitled; and then was dragged by force from the car, carried out, and put down in the road. He was not physically injured to any great extent, but the humiliation and indignity of such an open and unprovoked assault constitute the essence of the offense, and were properly permitted to be considered by the jury as compensatory damages. Eddy v. Railway Co., 50 App. Div. 109, 63 N. Y. Supp. 645; Hamilton v. Railroad Co., 53 N. Y. 25; Miller v. King, 21 App. Div. 192, 47 N. Y. Supp. 534. The trial court, in the exercise of its discretion, reduced the recovery to $500, and we see no reason for paring it down any more. The judgment and order appealed from should be affirmed, with costs and disbursements to the respondent.

The judgment and order are affirmed, with costs and disbursements to the respondent. All concur, except WILLIAMS, J., dissenting in opinion.

WILLIAMS, J. (dissenting). The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event. The verdict of $1,000 was so grossly excessive as to show that the jury were actuated by prejudice against the defendant. They were limited to giving of merely compensatory damages. The plaintiff suffered no substantial physical injuries. The only other element of damages was injuries to his feelings. He offered the conductor 15 cents, and the conductor required 4 cents more. The regulations of the company required the conductor to collect the additional 4 cents, or eject the plaintiff from the train. He could not take the plaintiff's word that the ticket office was not open so that a ticket could be purchased. The plaintiff had a remedy against the company, which he could enforce, and he had no occasion to require the conductor to violate his duty by accepting less than the full fare for passage without a ticket. It is inconceivable that a man so small and mean as to create a sensation, and render it necessary for the conductor to eject him from the train, and to forcibly carry him out and set him down upon the ground, should suffer any appreciable injury to his feelings by the transaction. He practically invited the use of force, and was entitled to no substantial damages therefor. Townsend v. Railroad Co., 56 N. Y. 295, 15 Am. Rep. 419. The jury,

by rendering a verdict for $1,000, under these circumstances, showed themselves unfit to pass upon the question of damages at all. The court should not have permitted the verdict to stand for any amount. By allowing it to stand for $500, the court was itself passing upon the question of damages without the aid of the jury. If the court assumed to fix the damages at all itself, it should have permitted them to be no larger than $100 in any event. The facts called for no greater verdict.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide event, or should at least be so reversed unless the plaintiff stipulates to reduce the verdict to $100, in which event the judgment and order as so amended should be affirmed, without costs to either party against the other.