## Chicago Union Traction Company v. Richard J. McClevey.

### Gen. No. 12,374.

1. PASSENGER—*carrier liable for unlawful ejection of, by conductor.* A conductor in charge of a street car is the agent of the company. The power inherent in the company to expel from its cars persons who refuse to pay the customary fare is vested in him. If by an error in judgment he expels one who is entitled to the rights of a passenger, the company is responsible for such error, for in legal contemplation the company is present and is acting in the person of its conductor.

2. PASSENGER—*when carrier not justified in refusing tender of fare by.* Where a passenger in a street car tenders to the conductor a genuine silver coin of the United States, not so worn but that its mint marks are plainly discernible, in payment of car fare, and it is refused, and upon refusal to make the payment in other money the passenger is ejected, he may have an action for damages against the railroad company. This is the law, even though the conductor declined to receive the coin, because, in good faith, he believed it to be counterfeit. Nor is the passenger compelled to tender other moneys, if the coin first tendered is genuine.

3. STATEMENT OF COUNSEL—*when not subject to review.* A statement of counsel is not subject to review where it was not objected to at the time it was made.

4. RES GESTAE—*what competent as part of.* Where a passenger has been unlawfully ejected from a street car, all that was said and done by the conductor guilty of making such ejection is competent as part of the *res gestae.*

Action of trespass. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed April 5, 1906.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

KICKHAM SCANLAN, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The following statement of facts is sustained by a preponderance of the evidence:

Appellee and a friend by the name of John Nolan at Ogden avenue boarded an east-bound closed car on appellant's 12th street line in the city of Chicago at midnight of April 4, 1901. Appellee then was and is a dentist. Nolan then was and is a cashier for a large corporation. When they entered the car Nolan saw one Martin Meyerhoff, an acquaintance, sitting there, to whom he introduced appellee. Presently the conductor came in and asked appellee for fares. The latter handed him a coin of the denomination a half dollar. The conductor, without an extended examination of the coin, handed it back, saying: "That is counterfeit." Appellee then took out another half dollar from his pocket and tendered it to the conductor. The latter, without taking it, glanced at the coin as it lay in the hand of appellee, and said, "That is counterfeit, too." Appellee then showed both coins to Nolan, who examined them and told the conductor that he, Nolan, was a cashier by occupation, that the coins were good, and advised him to take them. The conductor answered: "It don't make any difference to me; they are no good, and I won't take them." Appellee then proposed to submit the coins to the

Chicago Union Traction Co. v. McClevey.

inspection of the other passengers and to abide by their judgment. The conductor refused this offer, and added: " You will have to get off the car." This appellee refused to do, and the car went on its way. When Loomis street was reached the conductor saw a policeman, and, stopping the car, called the officer, telling him that there was a man in the car trying to pass bad money, and he wanted him put off. When the officer reached the rear platform, where the conductor was standing, appellee left his seat and came out to them, and attempted to explain the situation to the officer. The conductor told the policeman that appellee had offered to pay him in counterfeit money; and then the officer said to appellee that he must either pay his fare or get off. Appellee again offered to pay his fare with one of the two coins, but the conductor refused to accept it. Appellee had other money on his person, but, believing that he was being imposed upon, did not tender it. Thereupon the officer took appellee by the shoulder and, with the aid of the conductor, ejected him from the car. No unnecessary force was used, and appellee was not physically injured. As the officer and appellee walked from the car, the conductor called out: " Run that man in. He is full of counterfeit money." Nolan and Meyerhöff left the car at this time. The car went on. The officer, after talking a little time with appellee and Nolan, left them to finish their journey as best they might. At the request of Nolan appellee then took the two coins from his pocket and marked each of them with his knife. On the trial he testified that he kept these coins safely until he there produced them for inspection. These coins were admittedly genuine silver half dollars from the United States mint. They were offered and received in evidence without objection.

In an action brought upon these facts appellee recovered a judgment for the sum of $500. This appeal followed.

The conductor in charge of a street car is the agent of the company. The power inherent in the company to expel from its cars persons who refuse to pay the customary fare is vested in him. If by an error in judgment he expels one

who is entitled to the rights of a passenger, the company is responsible for such error, for in legal contemplation the company is present and is acting in the person of its conductor. W. Chicago St. Ry. Co. v. Luleich, 85 Ill. App. 643.

Where a passenger in a street car tenders to the conductor a genuine silver coin of the United States, not so worn but that its mint marks are plainly discernible, in payment of car fare, and it is refused, and upon refusal to make the payment in other money the passenger is ejected, he may have an action for damages against the railroad company. This is the law, even though the conductor declined to receive the coin, because, in good faith, he believed it to be counterfeit. Nor is the passenger compelled to tender other moneys, if the coin first tendered is genuine. Jersey City Ry. Co. v. Morgan, 52 N. J. L. 60; Mobile St. Ry. Co. v. Watters, 135 Ala. 227; Atlanta S. S. Ry. Co. v. Keeny, 99 Ga. 266.

Viewed in the light of these principles it is clear that the evidence sustains the judgment rendered.

While the first instruction given at request of appellee is subject to criticism, it contains no reversible error.

Appellant tendered five instructions (Nos. 2, 3, 4, 5 and 6) which were refused by the court. Each of these instructions proceeded upon the theory that if the coins tendered by appellee were counterfeit; *or*, being in fact genuine, they had an appearance that would lead a person of ordinary prudence and sagacity to believe they were counterfeit, and the conductor did so believe, and so informed appellee, and refused to receive them for that reason, and demanded fare, and appellee refused to pay in other money, though having other money; then the conductor was justified in ejecting him from the car.

Were these instructions drawn in mitigation of damages, it would have been error to refuse them; but drawn as they are in bar of the action, they do not correctly state the law governing this case.

During the cross-examination of the conductor he was

asked: "Did you collect from Mr. Meyerhoff his fare?" And also the further question: "Did you ask him for it?" The court, over the objection of appellant, ruled in each instance that the witness must answer. The conductor had sworn that appellee requested him to take two fares out of the half dollar, one for himself and one for Meyerhoff. It is undisputed that Nolan had a transfer ticket, and that Meyerhoff was on the car when appellee and Nolan boarded it. Appellee had sworn that he offered to pay but one fare, namely, his own. In this condition of the record, upon cross-examination, the questions were proper.

The statement of counsel for appellee which is here complained of, if reversible error, a point we are not called upon to decide, was not objected to at the time it was made, and the court then asked to rule upon the objection, and therefore it cannot be urged here. N. C. St. Ry. Co. v. Shreve, 70 Ill. App. 670; Lanquist v. Chicago, 200 Ill. 71.

By the 13th instruction, given at the request of appellant, the jury were correctly instructed that even if they found appellant guilty, they could not award appellee "anything but such actual damages as the plaintiff has shown by a preponderance of the evidence in the case he has sustained."

The carrier of passengers has a right to control its means of transportation, to keep order therein, and to expel any passenger who grossly misbehaves himself, or who refuses, upon proper demand, to pay his fare. It is also its duty to use ordinary care to protect a peaceable passenger, complying with its rules, from insult and violence whether offered by another passenger or by its servant.

It is the duty of the passenger to pay his fare when it is demanded, and if, for any reason, the conductor orders him to leave the conveyance to go without violent resistance, contenting himself with an action for damages in case his putting off was wrongful.

These respective rights and duties are best preserved by their strict enforcement.

Considering the facts in this case the damages are large, but they are not so excessive as to indicate to us the existence of passion or prejudice upon the part of the jury. Appellee, a reputable citizen and a passenger upon this car, was wrongfully ejected therefrom at midnight and was turned over to a policeman with the statement that he ought to be arrested as he "was full of counterfeit money." These things were done and said in the presence of the other passengers. Appellee was guilty of no breach of the peace. He was reasonable in his manner of speech, and offered nothing but nominal resistance to the efforts to expel him from the car.

It is true that during the trial appellee dismissed his cause of action as to a count in the declaration which charged the speaking of certain words as slanderous, but such action did not take from the consideration of the jury the effect of the statement of the conductor that appellee "was full of counterfeit money," if they found from the evidence that such words were spoken. All that was said and done by the conductor and by appellee at the time in question was competent as part of the *res gestae.*

In L. E. & W. Ry. Co. v. Arnold, 8 Ind. App. 297, the conductor wrongfully, but in good faith, charged the passenger with attempting to beat his way. A judgment for $500 was not considered to be excessive.

In McGinnis v. M. P. Ry. Co., 21 Mo. App. 399, the passenger presented a good ticket, but the conductor asserted that it had been altered. Rather than be put off the passenger paid his fare and brought suit for damages, in which a judgment for $500 was rendered. The court found the damages not excessive, but reversed the case on other grounds.

In Monnier v. N. Y. C. & H. R. R. Co., 75 N. Y. Supp. 521, the appellee, a passenger, told the conductor that he had not been able to obtain a ticket, because the station office was closed. In reply the conductor told him he was lying. A verdict for $500 was held not to be excessive.

Other similar cases are Cunningham v. Seattle E. Ry.

Co., 3 Wash. 471; A., T. & St. F. Ry. Co. v. Cuniffe, 57 S. W. Rep. 692; G. C. & S. Ry. Co. v. Moody, 39 S. W. Rep. 987; Du Laurans v. F. D. St. Ry. Co., 15 Minn. 49; E. T. V. & C. Ry. Co. v. King, 88 Ga. 443.

The principle laid down in these cases is that the insult and humiliation suffered by the passenger are actual damages for which a recovery can be had in a proper action.

The judgment of the Circuit Court is affirmed.

*Affirmed.*