Metal Co., 2 App. Div. 522, 38 N. Y. Supp. 36. Where, however, the attachment is discharged by the giving of an undertaking, the case is different. Lawlor v. Magnolia Metal Co., supra. In the case at bar the attachment was not only "vacated," but, under the definition contained in subdivision 12 of section 3343, the attachment was "annulled." This vacatur and annulment were procured by the plaintiff upon its own motion, and it has been repeatedly held that a sheriff is entitled to poundage upon service of an execution when he has been prevented from fully executing the writ by the act or interference of the plaintiff. Parsons v. Bowdoin, 17 Wend. 14; Campbell v. Cothrain, 56 N. Y. 279; Flack v. State of New York, 95 N. Y. 461; O'Brien v. American Surety Co., 88 App. Div. 526, 85 N. Y. Supp. 316.

There is no difference, in principle, between the cases where the plaintiff settles after issuance of, and levy under, an execution, or when he settles when an attachment has been issued and levy made. The plaintiff, it must be assumed, had secured its claim against the telephone company, and had accomplished the object sought when it issued the attachment, because it effected a presumably satisfactory settlement with said company, and then procured an order vacating the attachment and discontinuing the attachment. Section 3343, Code Civ. Proc., supra. It is a question whether, under such circumstances, the sheriff would have a right to even retain the property of the defendant in the attachment proceedings after the entry of such an order. Bowe v. U. S. Reflector Co., supra.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

HOELLJES v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. March 11, 1904.)

1. CARRIERS—STREET CAR PASSENGER—EJECTION—REFUSAL TO PAY FARE.

A street car passenger who, on being refused a transfer, instead of leaving the car, continues thereon to the end of the line, and refuses, on the car's return trip, to pay an additional fare, whereupon he is forcibly ejected, has no cause of action against the company.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Henry Hoelljes against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Henry Hoelljes, in pro. per.

McCALL, J. This is an action from which, during the progress of the trial, every question was eliminated except that involving the damages which ensued by an alleged improper ejectment of the plaintiff

from one of the cars owned and operated by the defendant corporation. The plaintiff boarded the car at Twenty-Third street and Second avenue, bound north. His ultimate destination was some point north of Fifty-Ninth street, on Columbus avenue. When the car reached Fifty-Ninth street, the plaintiff secured a transfer and boarded a car going west along that street, and he asserts that he delivered to the conductor of this car the transfer he had obtained from the Second avenue line. There was some dispute as to this, but, whatever the fact may have been, the jury have settled it in favor of the plaintiff, and we will take it as established that way. When the Fifty-Ninth street car reached Columbus avenue, the plaintiff asked for a transfer north on that line, and was refused. Some argument ensued between him and the conductor as to whether or not he had paid his fare or delivered his transfer from the Second avenue line. He remained on the car while it continued west, and was still a passenger upon it at the end of its westerly route. When the Fifty-Ninth street car was on its westward trip, and he had asked for and was refused his transfer, if he desired to stand upon his rights he should have left the car and sought the remedy the law vouchsafes for such a wrong, in the definite and requisite penalty it fixes for such a transgression. In doing what the record shows he did, riding to the end of the westerly route, he was within his rights, and to that extent they could not be gainsaid. In remaining aboard the car when it started easterly on its return trip, he was exercising a privilege no one could deny; but when a fare was demanded of him, and he refused to pay, he was transgressing, and he invited the personal encounter which resulted in his forcible expulsion, and the company is not liable for what followed. Even though he had paid his fare on this return trip, it has been determined by the court, in a case like the one at bar, that, when no physical injury resulted, the measure of damage was the 5-cent extra fare the passenger was forced to pay because of the ejectment. Moon v. Interurban St. Ry. Co. (Jan. 11, 1904) 85 N. Y. Supp. 363. But in the case at bar, when the facts are so clear as to nonpayment of fare when demanded, the complaint should be dismissed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., concurs.      GIEGERICH, J., concurs in result.