MAX MARKOWITZ, Appellant, *v.* NEW YORK RAILWAYS COMPANY, Respondent.

First Department, June 13, 1919.

**Street railway — assault of passenger — new trial — facts showing inadequacy of verdict — duty to give passenger time to leave car — returning passenger carried beyond destination — additional fare — ejection for failure to pay fare — right to resist.**

A new trial should be granted on the ground of the inadequacy of the verdict in an action to recover for an assault inflicted while being ejected from a street car where the jury found in the plaintiff's favor on the issue as to the alleged assault and awarded $100 damages, and it appeared that the plaintiff was struck, kicked and choked while being ejected and was thrown off the platform to the pavement, becoming unconscious and remaining so for about eight hours, and where it was shown further, by the testimony of physicians, that the plaintiff had suffered serious injuries, the effect of some of which still existed at the time of the trial, and it also appeared that the plaintiff had lost $300 in earnings.

A street car company is bound to give a passenger a reasonable opportunity to leave the car at his point of destination.

Where a street car company fails in that duty and carries the passenger a short distance to the end of the line, there being no intermediate stops, and the particular car is to return immediately to the original point of the passenger's destination, the company is under a duty to permit the passenger to make the short return journey without molestation and without an additional fare.

Whether a passenger is given a reasonable opportunity to alight at his point of destination, *held*, under the evidence, to present an issue of fact which should be passed upon by the jury.

Where a passenger is given a reasonable opportunity to alight but neglects to avail himself of it the company has the right to demand additional fare for carrying him back to the point of destination.

In such an event, the refusal of the passenger to comply with the demand for fare will justify the company's servants in removing him from the car, but without using undue force.

If the removal of a passenger from a street car would, under the circumstances, be unlawful he may resist any attempt at removal.

APPEAL by the plaintiff, Max Markowitz, from a judgment of the Supreme Court in his favor, entered in the office of the clerk of the county of New York on the 27th day of June, 1918, upon the verdict of a jury for $100, and also from an order entered in said clerk's office on the 26th day of July, 1918, denying his motion for a new trial made upon the minutes.

*Arthur Hutter,* for the appellant.

*B. H. Ames* of counsel [*James L. Quackenbush,* attorney], for the respondent.

PHILBIN, J.:

The plaintiff was awarded $100 by the jury for injuries sustained from an alleged assault committed by defendant's employees when ejecting plaintiff from one of its cars for non-payment of fare. The chief ground of appeal is the inadequacy of the award.

The plaintiff testified that on April 11, 1917, he boarded a car at Twenty-fifth street and Seventh avenue for the purpose of going to his home in Clinton street, Manhattan. At Fourteenth street he transferred to a crosstown car going to the Williamsburgh bridge. When the car reached the bridge at Delancey street, the plaintiff attempted to alight but the conductor said it was too late and closed the door and the car started over the bridge. The plaintiff pulled the bell, but the conductor again rang to go ahead. The car did not stop until it reached the terminus at the Brooklyn side of the bridge as was customary. The plaintiff, who was then standing on the platform, attempted to re-enter for the purpose of going back to Delancey street on the return trip. The conductor refused to allow him to do so unless he paid another fare. An altercation then arose and the defendant's inspector was called by the conductor. The inspector called a policeman, but he did nothing except advise the railroad employees to carry the plaintiff back without payment of fare. They still refused to do so and, with another employee of the defendant, started to eject the plaintiff. The latter testified that, while he was clinging to a stanchion, one of the men struck him on the left side and in the chest, and another choked and kicked him; that they threw him off the platform to the pavement. This all occurred about eight-thirty o'clock at night. The plaintiff became unconscious and remained so until three or four o'clock the next morning when he awoke in a hospital. He left there about two o'clock that afternoon. Two physicians testified that, as a result of the assault, the plaintiff had suffered serious injuries, the effect of some of which still

First Department, June, 1919.                    [Vol. 188.

existed at the time of the trial.   Plaintiff also testified he had lost earnings to the amount of about $300.

The defendant called witnesses who testified that, while plaintiff was ejected, no undue force was used.   The jury, having found in plaintiff's favor on the issue as to the alleged assault, was under a duty to award adequate compensation. While the jury was at liberty to discount the plaintiff's story as to the seriousness of his injuries, I am nevertheless of the opinion that under the evidence the verdict is entirely inadequate. A new trial should be granted for that reason in any event.

The issue submitted to the jury for determination was confined to that part of plaintiff's claim which related to the alleged assault.   The point as to whether the removal of the plaintiff from the car under the circumstances was wrongful in itself was not submitted.   In fact, the charge clearly proceeded upon the theory that plaintiff had no right to resist removal and that the only liability of the defendant was for using undue force.

When the plaintiff paid his fare, the defendant contracted to carry him to his destination, which was the entrance to the Williamsburgh bridge at Delancey street, and give him a reasonable opportunity to alight.   If the defendant failed in that duty and carried the plaintiff over the bridge against his will, and the particular car was to return immediately to the original point of plaintiff's destination, it is not unreasonable to hold that the defendant was under a duty to permit the plaintiff to make the short return journey without molestation and without exacting an additional fare.   In doing that, the defendant would merely perform its agreement.   It was impossible for the plaintiff to leave the car after it had started from Delancey street not only because the car was in motion but also because exit was prevented by the doors of the car, which were closed and under control of the conductor.   The plaintiff's first opportunity to alight, if his statements are true, was when the car had reached the Brooklyn side of the bridge and was about to return to Delancey street.   The testimony given by witnesses for both sides, on the question as to whether plaintiff had a reasonable opportunity to alight, presents an issue of fact which should also have been passed upon by the jury.

If the plaintiff was given a reasonable opportunity but

neglected to avail himself of it, the defendant had the right to demand additional fare for carrying him back to the point of destination. In such event, the refusal of the plaintiff to comply with the demand would justify the defendant's servants in removing the plaintiff from the car, but without using undue force. If he was carried to the Brooklyn side of the bridge without any fault of his, as has already been discussed, the defendant's servants had no right to attempt to remove him. Consequently, if plaintiff chose, he had a right to resist. (*English* v. *D. & H. Canal Co.*, 66 N. Y. 454.)

The present case is distinguishable from *Hoelljes* v. *Interurban Street R. Co.* (43 Misc. Rep. 350), for there the passenger voluntarily stayed on the car and then sought to make the return trip without paying an extra fare. Here the plaintiff says he never had an opportunity to alight but was carried over the bridge against his will and virtually a prisoner.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.